## LACLEDE GAS COMPANY, Plaintiff,

v.

## G. W. WARNECKE CORPORATION, Defendant,

v.

## DRESSER INDUSTRIES, INC., WAUKESHA MOTOR COMPANY DIVISION and Charles Equipment Company—St. Louis, Third-Party Defendants.

No. 76–9C(3).

United States District Court,
E. D. Missouri, E. D.

April 20, 1978.

John Gianoulakis and John A. Klobasa, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for plaintiff.

Robert S. Allen, David W. Detjen, Henry F. Luepke, Jr., Lewis, Rice, Tucker Allen & Chubb, St. Louis, Mo., for Dresser & Waukesha Motor Co.

E. D. Lofftus, Fenton, Mo., for Charles Equipment Co.

Gordon G. Hartweger, Richard J. Sheehan, Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, St. Louis, Mo., for G. W. Warnecke.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of plaintiff and third-party defendants to dismiss defendant's counterclaim, or in the alternative, for an order excluding defendant's evidence on its counterclaim for failure of defendant to comply with orders of this Court.

Plaintiff brought this suit, pursuant to 28 U.S.C. § 1331, seeking to recover monies allegedly owing for services rendered. Defendant G. W. Warnecke Corporation answered and counterclaimed. In the counterclaim filed in February, 1976, defendant sought to recover $500,000.00 for breach of warranties in connection with an agreement to overhaul certain machinery. In August, 1977, defendant amended its counterclaim, alleging breach of a maintenance agreement and breach of warranties, seeking a total of $1,000,000.00 in damages. As a result of the counterclaim, plaintiff filed a third-party complaint against Dresser Industries, Inc. and Charles Equipment Company seeking indemnification.

Since the filing of the counterclaim, there has been a long history of problems in the area of discovery and particularly in the area of damages. This case has been reset on numerous occasions, most frequently because the parties, and especially defendant, were puzzling over defendant's damages claim. It has been the counterclaim and the resulting third-party claims that have given rise to the majority of work herein.

On June 30, 1976, plaintiff by interrogatory asked defendant to provide a breakdown of the damages allegedly sustained, in the form of an itemized list. The interrogatory further requested that bills be attached. As late as February 18, 1977, on the record, defendant was contending that it did not have "all the information necessary to furnish 'an itemized list' of the breakdown of the components of the damages as requested in interrogatory number 11". Accordingly, on that date, the Court ordered defendant to supply whatever information it then had and to "supplement the same as additional information is received. Rule 26(e)(3), Federal Rules of Civil Procedure". In the memorandum accompanying said order, the Court specifically stated that defendant was "to update the answer upon receipt of added information". Nevertheless, there was no answer until April 1, 1978 at which time, defendant supplied the following as its breakdown of damages:

Purchase of an electrical board and the rewiring of its' [sic] building to receive additional current

Monies already paid to plaintiff for the overhaul of the engines

Expenditures of greater sums for energy supplies and loss of profit from production of energy

Monies to be expended to rebuild the engines to put them in proper operating condition, or the value of the engines

Deactivating equipment

Personnel time

Good will

Prospective tenants

Attached thereto was an authorization to an electrical contracting company to proceed with the installation of electrical systems in an amount not to exceed $26,900.00 and a final invoice from the same company in the amount of $23,642.07.

Because of the complexity of this lawsuit, this Court issued a special order relating to trial preparation. Included therein was a requirement that the parties provide an itemized list of special damages. Defendant, in an attempted compliance with the same, supplied plaintiff and this Court with a dollar value that it assigned to each of the above items, with the exception of personnel time, good will and prospective tenants. Such a list is woefully inadequate. Moreover, it is clear that defendant does intend to prepare an itemized list for trial since it has indicated that it will use a large pad at trial to prepare a list of damages for the jury.

On April 13, 1978, when the parties were attempting to comply with this Court's order relating to trial, defendant supplied the parties with exhibits M–4 and M–5, bills amounting to $100,000.00. Said bills should have been supplied in response to interrogatory 11 but were not. The bills were dated 1975 and 1976 and certainly could have been supplied earlier. There was some dispute among the parties concerning receipt of said exhibits. Defendant claims to have provided the same in September, 1977 at a deposition. Although it is clear that the bills could have been produced far earlier than September, 1977, it is also clear that the bills, if so provided, were not designated as a supplement to defendant's answer to interrogatory 11.

On June 30, 1976, plaintiff asked defendant, by interrogatory, for a list of expert witnesses together with the subject matter of the expert's testimony, the facts and opinions to which the expert is to testify and a summary of the grounds therefor. On April 10, 1978, only two weeks before trial, defendant supplied plaintiff with the names of two experts but did not provide the facts and opinions to which the expert is expected to testify or a summary of the grounds therefor.

On June 18, 1976, third-party defendant Dresser Industries, Inc. asked for the names of the individuals who had computed the damages asserted in the counterclaim. An answer was filed on September 7, 1976 listing G. W. Warnecke, Frank Warnecke, and Gordon Hartweger. In compliance with a pre-trial order of this Court, approximately two weeks before trial, defendant has listed nine witnesses, in addition to the two ex-

perts whose names were supplied to plaintiff, who are expected to testify on damages. These names were not supplied to Dresser Industries, Inc.

If the orders of this Court and the Federal Rules of Civil Procedure are to have any real meaning, they must be enforced when circumstances so require. Defendant's failure to breakdown and itemize its damages is totally inadequate under the orders of this Court.

The names and subject matter of testimony of the expert witnesses is a major key to the orderly preparation and trial of the issues in this case. Accordingly, it is vital that proper responses to interrogatories asking for information concerning experts be afforded at the earliest opportunity. It is required by Rule 26, Federal Rules of Civil Procedure, and it is required by the orders of this Court. If the trial were to proceed in its present posture, plaintiff and the third-party defendants would not have that information to which they are entitled. Extensive delays during the trial would be required in order to give these parties time to assess the testimony of the experts and to take whatever steps they deem necessary to meet the issue. This would result in the unacceptable lengthening of the trial which could have been avoided if the orders of this Court and the Federal Rules of Civil Procedure had been observed.

As noted previously, from the inception it has been the counterclaim which has given rise to the complications herein. It is now the counterclaimant who has burdened the Court and the parties herein by failing to comply with Court orders and Rules. A review of the docket sheets alone indicates a long history of discovery problems, especially with regard to damages. A number of conferences with the Court were held, almost all of which touched on the question of defendant's damages. In addition, there were the numerous continuances herein. With this background and history, defendant has had more than adequate opportunity to fully and properly comply with the orders of this Court and the Federal Rules of Civil Procedure regarding discovery.

Accordingly, the Court concludes that sanctions are appropriate and that a dismissal is warranted. Rule 37(d), Federal Rules of Civil Procedure. Imposition of sanctions precluding defendant from adducing evidence in support of its counterclaim or in support of the damages asserted in its counterclaim would be a much harsher sanction than dismissal. Such sanction would result in a trial on the merits of the counterclaim while a dismissal at this juncture would conceivably allow defendant to refile the claim. Thus, dismissal without prejudice will be ordered.

Since the counterclaim will be dismissed, there is no longer any basis for the third-party complaints. Accordingly, the Court will dismiss without prejudice, plaintiff's third-party complaints. This cause will proceed to trial on plaintiff's cause of action only on the docket of April 24, 1978.