455 F.Supp. 444 (1978)
George W. WARNECKE, Plaintiff,
v.
LACLEDE GAS CO., Defendant.
No. 78-424C(1).
United States District Court, E. D. Missouri, E. D.
August 17, 1978.
*445 Richard J. Sheehan, Gordon G. Hartweger, Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, St. Louis, Mo., for plaintiff.
John Gianoulakis, John A. Klobasa, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on defendant's motion to dismiss or for summary judgment. For the reasons stated below, defendant's motion for summary judgment will be granted.
This suit was filed on April 21, 1978. It is a claim for damages by George Warnecke, an individual, against Laclede Gas.
It is apparent that George Warnecke (Warnecke) owns a building in St. Louis that was managed by George Warnecke, Inc., a corporation, of which Warnecke is the sole shareholder.
On March 8, 1971, Warnecke and the Warnecke Corporation, designated as his agent, entered a maintenance agreement with Laclede Gas whereby Laclede was to provide "complete maintenance" on the building's power plant.
In 1976 Laclede filed suit against Warnecke Corporation, the agent for Warnecke, for monies due for maintenance and services performed on the building's power plant. Warnecke Corporation filed a counterclaim for damages allegedly caused by Laclede's failure to properly maintain the power plant. This counterclaim was dismissed in April of 1978 by Judge Nangle because of the corporation's failure to comply with discovery requests and orders. The judge's order stated the dismissal was without prejudice so that Warnecke Corporation could "conceivably . . . refile the claim."
The next day Warnecke filed the instant suit against Laclede in two counts. Count I is a claim for breach of the maintenance agreement by failing to adequately maintain the building's power plant. Count II is a claim that Laclede impliedly warranted the parts and services rendered in connection with maintenance of the power plant.
Laclede subsequently filed a motion to dismiss or for summary judgment on the ground that the issues determined by the jury in the original suit in Judge Nangle's court are binding in the case at bar.
In the first case the verdict director read in part: "Your verdict must be for plaintiff [Laclede] on its claim for damages if you believe: First, Plaintiff performed services on the Total Energy Plant [the building's power plant] in a workmanlike manner . . ." (emphasis added).
Laclede contends that because the jury awarded damages to plaintiff in accordance with the first element of the verdict director, collateral estoppel requires that this issue not be relitigated and, furthermore, conclusively determines that Warnecke can state no claim for breach of the maintenance agreement.
Despite the fact that Warnecke Corporation's counterclaim was dismissed "without prejudice" in Laclede Gas Company v. G. W. Warnecke Corporation, 78 F.R.D. 502 (1978, E.D.Mo.), the Court is of the opinion that collateral estoppel bars a second attempt by Warnecke to litigate the issue of the workmanship of the services performed by Laclede.
In order to award a verdict to Laclede in the first suit, the jury was required to find that "plaintiff performed services on the Total Energy Plant in a workmanlike manner . . .." This issue, having been determined in a valid and final judgment, is binding on the same parties in future litigation. See Viles v. Prudential Ins. Co. of America, 124 F.2d 78, 81 (10th Cir. 1941).
Although the first suit was against Warnecke Corporation, Warnecke cannot argue that he has not had reasonable *446 notice of the claim nor an opportunity to be heard. He has had his day in court. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The fact the parties are technically different is of no import in this case. Substance rather than form is the controlling factor. Chicago, R. I. & P. Ry. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926). There is sufficient identity of parties for collateral estoppel purposes because the defendant in the first suit, Warnecke Corporation, was the denominated agent of Warnecke. Both the claims in this suit and the counterclaim in the first suit assert the same cause of action under the same agreement. Warnecke was the sole shareholder of Warnecke Corporation. A judgment against a corporation is binding on the holder of its ownership. Drier v. Tarpon Oil Company, 522 F.2d 199 (5th Cir. 1975).
In this case Count I seeks to recover for breach of the agreement for "complete maintenance." Count II is a claim for breach of alleged implied warranties given with respect to services and parts supplied.
Essential to recovery under either theory is a finding that Laclede performed services which were not in a "workmanlike manner." Even though Count II contends Laclede impliedly warranted parts, the Court is of the opinion that a finding by a jury that Laclede performed maintenance of the power plant in a "workmanlike manner" includes, a fortiori, an implied finding that parts used in connection with the maintenance were not defective. To hold otherwise would allow the possibility of an inconsistent finding. See, e. g., Wenzel v. Wenzel, 283 S.W.2d 882, 887 (Mo.App.1955).
Collateral estoppel is the device used to prevent the happening of such a non sequitur and is designed to save parties and the courts from the waste and burden of relitigation of old issues. Southern Pacific Railr'd v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897).
It is clear that Judge Nangle, in dismissing the counterclaim without prejudice, considered the collateral estoppel effects when he stated that "a dismissal at this junction would conceivably allow the defendant [Warnecke Corporation] to refile the claim" (emphasis added).
Accordingly, defendant's motion for summary judgment will be sustained since no material issues of fact remain for trial. Rule 56 F.R.C.P. Plaintiff's complaint will be dismissed.