Zona M. JENKINS and Clyde Jenkins,
Plaintiffs-Respondents,

v.

Mary E. KELLER, Defendant-Appellant.

No. 9921.

Missouri Court of Appeals,
Southern District,
En Banc.

March 16, 1979.

Donald E. Bonacker, Bonacker & Reynolds, Springfield, for plaintiffs-respondents.

Gerald H. Lowther, C. Ronald Baird, Lowther, Johnson & Franks, Springfield, for defendant-appellant.

BILLINGS, Judge.

Damage suit and jury verdict for defendant. The trial court granted plaintiffs' motion for a new trial because the contributory negligence instruction omitted *the use of* from MAI 17.04 preceding the phrase "the highest degree of care." Defendant contends the omission did not result in prejudicial error and avers: (1) plaintiffs failed to make a submissible case of negligence,

and (2) plaintiff Zona Jenkins was guilty of contributory negligence as a matter of law. We affirm the action of the trial court.

Instruction 4, given at defendant's request, was as follows:

"Your verdict must be for Defendant MARY KELLER on the claims of both plaintiffs, Zona M. Jenkins and Clyde Jenkins, for damages, whether or not defendant Mary Keller was negligent, if you believe:

FIRST, Plaintiff, Zona M. Jenkins, either: Drove at an excessive speed, or knew, or by the highest degree of care could have known, that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened her speed and swerved, but Plaintiff, Zona M. Jenkins, failed to do so; and

SECOND, Plaintiff, Zona M. Jenkins' conduct in any one or more of the respects submitted in Paragraph First, was negligent; and

THIRD, such negligence of Plaintiff, Zona M. Jenkins, directly caused or directly contributed to cause any damage plaintiffs may have sustained.

■ The term 'highest degree of care' as used in this instruction means that degree of care that a very careful and prudent person would use under the same or similar circumstances."

Defendant admits that the applicable part of MAI 17.04 should have read that plaintiff Zona M. Jenkins "knew or by the use of the highest degree of care could have known" and concedes the omission of *"the use of"* constitutes a deviation from an applicable MAI instruction, but says this was not prejudicial to plaintiffs.

Supreme Court Rule 70.02, V.A.M.R., formerly Rule 70.01, provides, in part, as follows:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject.

(c) The giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined."

In *Brown v. St. Louis Public Service Company,* 421 S.W.2d 255 (Mo. banc 1967), our Supreme Court, speaking through Finch, J., said at 257:

"This court, by its adoption of Missouri Approved Instructions, promulgated precise approved instructions. These had been drafted after much research and great effort on the part of the court's special committee and its able reporter, the late Professor John S. Divilbiss. A preliminary draft was distributed and suggestions were received from the bench and bar before final adoption. The system was devised to eliminate the old system of complex, detailed and frequently argumentative instructions which caused great difficulty for jurors, lawyers and judges, and resulted in a high percentage of reversals on account of instructions given or refused. The special committee carefully considered *the precise words* to use in each approved instruction in order to provide simple, concise and understandable instructions. Directions as to the format to be followed were given to cover those instances where no MAI instruction is provided or where the facts of a case require modification of an MAI instruction. When an MAI instruction is applicable, its use is mandatory." (Emphasis added).

In *Brown,* supra, the court ruled that where there is a deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation. 421 S.W.2d at 259.

In sustaining plaintiffs' motion for a new trial because of the omission in Instruction 4, the experienced trial judge made the following entry:

"Instruction 4 was erroneous because it omitted the words 'the use of' which are required by MAI 17.04. The question to be judicially determined is whether such omission was prejudicial to plaintiffs. The Missouri Supreme Court presumably considered the omitted words important. Such words relate to and require finding that the party (Zona Jenkins in this case) failed to use 'that degree of care that a very careful and prudent person would *use* under the same or similar circumstances' (the wording in MAI 11.03). The words are similar to the words 'by using', which are found in many MAI instructions (e. g. 17.14, 17.15, 22.03, 22.04, 22.05, 25.03, 31.01, 33.06(1), (2), (3), (4) and (6)). Paragraph First, without 'the use of', does not require the jury to find that Zona Jenkins could have known, etc. if *she* had fulfilled *her* duty to make the use of the highest degree of care, and thus does not clearly define her duty. Mandatory paragraph Third of Instruction 4 (referring to negligence) and mandatory Instruction 7 (MAI 11.03, which uses the words 'the failure to *use* the highest degree of care') should be read with paragraph First of Instruction 4. When this is done, paragraph First could mean that the jury was being told that they must find that plaintiff Zona Jenkins, herself personally, could have known, etc. if she had used (that is by the use of) the highest degree of care. But MAI 17.04 apparently was not considered by the MAI Committee or The Missouri Supreme Court to be completely clear without putting in the words 'the use of' in paragraph First. Therefore, the court concludes that the instruction was prejudicial to plaintiffs and the court judicially so determines."

■ The prejudicial effect of the instruction was primarily a matter for the trial judge and on review we are obliged to look with liberality upon the action of the trial court in granting a new trial. *Brown v. St. Louis Public Service Company,* supra, concurring opinion by Storckman, J., at 260;

*Wilkerson v. State Farm Mutual Automobile Ins. Co.,* 510 S.W.2d 50 (Mo.App.1974). As Judge Titus of this court wrote in *Brittain v. Clark,* 462 S.W.2d 153 (Mo.App.1970), at 157: "We are indubitably tied to the aphoristic principle that an appellate court will be more liberal in upholding the action of a trial court in sustaining a motion for a new trial then [sic] in denying it. . . . This precept has been afforded complete accommodations in appeal cases involving jury instructions." (Citations omitted).

■ Here, as the trial court pointed out, MAI 17.04 as given conflicts with MAI 11.-03, insofar as the duty of plaintiff Zona Jenkins is concerned. Defendant has failed to provide us with authority that considers the instant omission harmless error. On the contrary, she seeks to avoid the presumption of prejudicial error by a combined reading of Instruction 4 (MAI 17.04) and Instruction 7 (MAI 11.03), and by defendant's jury argument concerning Instruction 4 in which defense counsel verbally inserted "the use of." As noted, a conflict appears between Instructions 4 and 7 and error in instructions cannot be cured by jury argument. *Snyder v. Chicago, Rock Island & Pacific R.R. Co.,* 521 S.W.2d 161 (Mo.App. 1973).

Judge Finch, in *Brown,* supra, summed up the Supreme Court's philosophy as to variances from MAI instruction this way:

"It must be recognized, however, that a system of instruction such as MAI is inherently *standardized* and *inflexible.* If this court is to make this system work, and preserve its integrity and very existence, *we must insist that mandatory directions be followed* and that the pattern instructions be used *as written.*" 421 S.W.2d at 257–258 (Emphasis added).

■ Here, the applicable MAI instruction was not given *as written.* Defendant has failed to make it perfectly clear that no prejudice resulted. The trial court judicially determined the instruction was prejudicial to plaintiffs. We defer to the conclusion of the trial court.[1]

---

1. In view of our ruling on the omission of mandatory words from the instruction we do not reach plaintiffs' remaining points concerning Instruction 4.

Plaintiffs are entitled to the most favorable evidence rule in our review of defendant's contentions regarding the submissibility of plaintiffs' case, *Abraham v. Johnson,* 579 S.W.2d 734 (Mo.App.1979) and contributory negligence of plaintiff Zona Jenkins [*Bischoff v. Dodson,* 405 S.W.2d 514 (Mo.App.1966)]. Thus, we are required to give plaintiffs the benefit of all favorable evidence and every reasonable inference to be drawn therefrom, disregarding defendant's evidence unless it aids the plaintiffs' case.

Plaintiff Zona Jenkins was southbound on Campbell Street in Springfield in a Ford automobile. She was driving 40 miles an hour, the legal speed limit, in the inside lane. The outer southbound lane was to her right and a turn lane and two northbound lanes were to her left. She saw defendant's Chevrolet automobile slowly emerging from a private driveway which was located on the west side of Campbell. The Chevrolet was headed in an easterly direction. Mrs. Jenkins said she was *about* 200 feet north of the driveway when the defendant's car started onto Campbell and that she decreased the speed of her vehicle so that the Chevrolet would pass in front of her. Defendant Keller was intending to cross the southbound lanes, turn left, proceed a short distance north, and then turn right onto a street which intersected Campbell. Defendant's car crossed the outer southbound lane, part of the inner southbound lane, and stopped, partially blocking the inner lane. At this time Mrs. Jenkins' car was approximately 50 feet away and travelling at approximately 30 miles an hour. Mrs. Jenkins swerved her vehicle to the right and the car crossed the outside southbound lane and struck a pole which was located a short distance from the edge of Campbell Street and slightly south of the stopped Chevrolet. Defendant at the scene, exclaimed: "Oh, I've caused a wreck, I've caused a wreck."

Plaintiffs submitted defendant's failure to yield the right-of-way and defendant argues the distances, times and speeds failed to establish that the Jenkins vehicle was in a position of "immediate hazard" when defendant drove from the private driveway onto Campbell Street.

By Instruction 6, MAI 14.06, the phrase "right-of-way" was defined. The definition is based on § 304.351(5) RSMo 1969 which provides: "The driver of a vehicle about to enter or cross a highway from . . . [a] driveway shall yield the right-of-way to all vehicles approaching on the highway to be entered." Defendant refers us to *Johnson v. Bush,* 418 S.W.2d 601 (Mo.App.1967), and *Taylor v. Schneider,* 370 S.W.2d 725 (Mo.App.1963), and points out that in those cases the court said that the driver of a vehicle about to enter or cross a highway from a private driveway was only required to yield to approaching vehicles that had reached a point so close "as to constitute an immediate hazard." Defendant contends that the times, distances and speeds demonstrate that the Jenkins vehicle did not constitute an immediate hazard to defendant's entry onto Campbell Street; that the applicable rule is "could reasonable minds differ as to whether plaintiff Zona M. Jenkins' automobile was so close as to constitute an immediate hazard"; and, that even applying the most favorable evidence rule, plaintiffs failed to make a submissible case on defendant's failure to yield the right-of-way. We disagree.

Defendant saw the Jenkins automobile approaching from the north. She drove "slowly" from the private drive across the southbound lanes and stopped her car so that it was obstructing travel in the inner lane in which the Jenkins car was travelling. The right of Mrs. Jenkins to proceed south was blocked by defendant's car when the two vehicles were only about 50 feet apart and the Jenkins automobile was travelling 30 miles an hour. The pole struck by the swerving Jenkins car was just slightly south of defendant's stopped vehicle. We believe, and hold, that reasonable minds could differ as to whether the Jenkins automobile was so close as to constitute

an immediate hazard when defendant drove her car across Campbell Street from the private driveway.

Defendant recognizes her heavy burden in attempting to demonstrate plaintiff Zona Jenkins was guilty of contributory negligence as a matter of law. In *Davenport v. Wabash Railroad Company,* 435 S.W.2d 641 (Mo. banc 1968), our Supreme Court said at 646: "We are mindful of the well-known rules: (1) that in determining whether plaintiff's decedent was guilty of contributory negligence plaintiff's evidence must be considered as true and she must be given the benefit of all reasonable inferences and the aid of defendants' evidence favorable to her; and (2) that if reasonable men would honestly differ upon whether Mr. Davenport exercised the highest degree of care in operating his automobile at the time and place mentioned in evidence the issue of his contributory negligence was for the jury."

 Until circumstances coincided which would have led Mrs. Jenkins, in the exercise of the highest degree of care, to believe she should take evasive action, she was under no duty to do so. *Moore v. Middlewest Freightways, Inc.,* 266 S.W.2d 578 (Mo. 1954). *Nydegger v. Mason,* 315 S.W.2d 816 (Mo.1958). The case of *Wheeler v. Breeding,* 109 S.W.2d 1237 (Mo.App.1937), which dealt with a fact situation similar to the one before us, held that the plaintiff therein had the right to presume that defendant Breeding would exercise the highest degree of care in the operation of his vehicle, and was not required to take defensive action, unless " . . . a very careful and prudent person would have believed the collision inevitable." 109 S.W.2d at 1242. "There must be a reasonable likelihood of collision before [one] is required to act, and time thereafter to take effective preventive action . . ." *Burks v. Leap,* 413 S.W.2d 258, 264 (Mo.1967). Under the preceding rules of law, Mrs. Jenkins cannot be charged with the knowledge that defendant would fail to yield the right-of-way by stopping in the inner southbound lane. On the contrary, she was entitled to presume just the opposite until a point, the ascertainment of which is discussed below, was reached.

Under the evidence, as viewed most favorably toward plaintiffs, Mrs. Jenkins slowed her vehicle and later avoided a collision with the Keller car by swerving. Defendant asks this court to declare as a matter of law that Mrs. Jenkins caused or contributed to cause her own injury by failing to take evasive action earlier; the request is for us to decide the point at which "a reasonable likelihood of collision" arose, and Zona Jenkins' right to presume defendant would yield the right-of-way ceased. The determination of that point is the key issue on the question of contributory negligence, and we believe it is one upon which reasonable persons could honestly differ. For that reason, the issue of Mrs. Jenkins' contributory negligence is not to be decided by this appellate court, but by a jury.

The judgment is affirmed.

All concur.