Ray RANDOLPH and Louise Jipson Randolph, his wife, and C. L. Smalley, d/b/a Smalley's Motel, Plaintiffs-Respondents,

v.

USF&G COMPANIES, a corporation, Defendant-Appellant.

No. 12087.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 18, 1981.

Daniel L. Moody, Van Buren, for plaintiffs-respondents.

Jerry M. Merrell, Russell A. Ward, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiffs sought recovery, based on a policy of insurance issued by defendant, for windstorm damage to a building at plaintiffs' motel. Defendant contended that the damage was not due to windstorm but was caused by "saturated earth pressure" which the foundation of the building could not withstand because of improper design and construction. The jury returned a verdict in favor of defendant and judgment was entered in accordance with the verdict. Thereafter, plaintiffs' motion for a new trial was sustained and a new trial granted "for the reasons set forth in paragraphs three (3) and four (4) of said Motion." Those paragraphs state:

"3. The Court erred in admitting incompetent evidence offered by the Defendant and over the objections of the Plaintiffs, when Defendant's expert witnesses were allowed to state their opinion as to whether or not it was possible for wind to have caused the damage complained of in Plaintiffs' petition. Defendant's witnesses were not properly qualified nor was there sufficient foundation laid for Defendant to elicit an opinion from said expert witnesses as to whether or not it was possible, in the opinion of

said expert witnesses, for wind to have caused the damage complained of in Plaintiffs' petition. Said questions propounded by Defendant's counsel were leading in nature and invaded the province of the jury in determining the facts and in drawing reasonable inferences therefrom.

4. The verdict is against the law under the evidence in that the experts' testimony indicated that unsound design of the motel structure was the cause of the damage complained of in Plaintiffs' petition. Unsound design is not a defense, nor is unsound design an exclusion under the terms of the insurance policy under which suit was brought, admitted into evidence as Plaintiffs' Exhibit # 1."

An appellate court will be more liberal in upholding the action of a trial court in sustaining a motion for new trial than in denying it; *Jenkins v. Keller*, 579 S.W.2d 166, 168 (Mo.App.1979); *Cook v. Cox*, 478 S.W.2d 678, 682 (Mo.1972); although such action can only be affirmed if there was error prejudicial to the party moving for a new trial. *Kirst v. Clarkson Construction Company*, 395 S.W.2d 487, 500 (Mo.App. 1965).

Defendant offered expert testimony from two witnesses that the design and construction of the retaining walls and foundation of the building were not in accordance with "sound engineering principles" because of lack of adequate reinforcing steel and inadequate footings. As a result, during a period of heavy rains the "building collapsed, not because of the wind, but because of saturated earth pressure."

We first consider whether the grounds for a new trial set forth in paragraph three of plaintiffs' motion for a new trial were sufficient to sustain the granting of it. That paragraph appears to have four bases of claimed error: (1) that the defendant's expert witnesses were not qualified to say whether wind caused the damage; (2) that a sufficient foundation was not laid for them to give such opinion; (3) that "questions" asked the experts "invaded the province of the jury"; and (4) that questions

asked the experts were leading. We consider these contentions in the order just stated.

Plaintiffs in their brief and at trial contend that the witnesses were not qualified because they did not have "knowledge of meteorology or wind velocity." We see no validity in this contention. Knowledge of meteorology would not be necessary, or perhaps even helpful, to determine if damage to a building was caused by wind. A meteorologist would presumably be trained as to conditions that may cause wind and when severe winds might be expected to occur but would not ordinarily have expert knowledge of the effect of wind on buildings. We are not concerned here with what caused the wind but whether wind caused damage to the building.

Witness Kurt Marshaus was a practicing civil engineer with several years experience. He held a degree in civil engineering from the University of Missouri at Rolla. He testified to experience in the design and construction of concrete foundations and retaining walls. He was familiar with the standards for them based on education and experience. He had been trained to analyze the effect of wind on structures.

Theon Grojenn was an architect and civil engineer. He also had a degree in civil engineering from the University of Missouri at Rolla. He had several years experience in construction, including designing footings and foundations and supervising their construction. He was familiar with the customs and standards for designing and constructing retaining walls and foundations. He knew the effects of wind and earth pressures on structures, both from his schooling and practical experience.

■ The qualification of an expert witness rests in the sound discretion of the trial court, *State v. Rhone*, 555 S.W.2d 839, 841–842 (Mo. banc 1977). However, we believe the witnesses here were clearly qualified and it would have been an abuse of discretion for the trial court to make any other determination.

■ We next consider whether a sufficient foundation was established for them to give an opinion. Marshaus inspected the building 49 days after the damage while repairs were being conducted to the foundation and retaining walls. At that time some of the damage had been repaired. He also had inspected photographs of the damage taken shortly after it occurred. Grojenn also examined the photographs but had not seen the building until the day before trial, when the repairs had apparently been completed. Both witnesses were asked to assume certain facts in their testimony and there was no objection that the facts to be assumed were not in evidence. The three objections made for lack of foundation which were overruled did not specify in what manner the foundation was lacking and we fail to see where it was. Sufficient foundations were laid for the testimony of both witnesses.

■ We now consider whether the questions and answers as to the cause of the damage were erroneous because they "invaded the province of the jury". The essential test of the admissibility of expert opinion evidence is whether it will be helpful to the jury. *Parlow v. Dan Hamm Drayage Co.*, 391 S.W.2d 315, 326 (Mo.1965). In *Metropolitan Ice Cream Co. v. Union Mutual Fire Insurance Co.*, 358 Mo. 727, 216 S.W.2d 464 (banc 1949), an action was brought on a windstorm insurance policy. The court there held that it was error to exclude testimony of a structural engineer that the collapse of a wall was caused by structural defects rather than wind. The court held that such testimony might be of assistance to the jury. We believe that the same would be true here. The testimony here could have been of aid to the jurors as they would not be expected to have expert knowledge regarding damage caused to buildings by the elements. See also *McKinley v. Vize*, 563 S.W.2d 505, 510 (Mo.App. 1978).

■ The remaining contention under paragraph 3 was that the trial court allowed leading questions of the experts. We find no significant questions or answers

where an objection was made on the grounds that the questions were leading and the trial court overruled the objection. In addition it is not generally considered error to ask leading questions of an expert witness. 98 C.J.S. Witnesses § 331.a, p. 43. See also *Sheets v. Kurth*, 426 S.W.2d 103, 105 (Mo.1968). We find no prejudicial error set forth in paragraph 3 of plaintiffs' motion for a new trial.

Paragraph 4 of the motion contended that the expert's testimony that "unsound design" was the cause of the damage should not have been admitted. Plaintiffs apparently are contending that such testimony was not relevant to any issue here. In *Metropolitan Ice Cream Co. v. Union Mutual Fire Insurance Co.*, supra, it was held error to refuse similar expert testimony, although it does not appear that a relevancy objection was made. In *Gelber v. Paramount Fire Insurance Co.*, 219 S.W.2d 871 (Mo.App.1949), the court reversed a trial court's finding that a retaining wall was toppled by wind. In doing so the appellate court considered expert testimony that pressure created by rain soaked dirt caused the wall to fall.

If windstorm caused the damage, we agree that the building's design would be irrelevant in determining if the loss was covered. However, if the design combined with a peril not insured against, then we think showing that the design caused or contributed to the loss was proper. Defendant's experts said that because of design and construction, pressure from saturated earth caused the damage rather than wind. Thus, we believe the design of the building was relevant in presenting to the jury a cause other than those insured against. This rebutted plaintiffs' contention that a cause within the policy caused the damage.

The grounds stated in paragraphs 3 and 4 were not a sufficient basis for granting a new trial. Where the trial court grants a new trial on a specified basis, that ruling constitutes an overruling of all other grounds asserted in the motion for new trial, *Smith v. Courter*, 531 S.W.2d 743, 747 (Mo. banc 1976) and we never presume that the new trial was granted on discretionary grounds. Rule 84.05(c). The burden is on plaintiffs to demonstrate that there are other grounds in the motion for new trial sufficient to uphold the order. *Kuzuf v. Gebhardt*, 602 S.W.2d 446, 451 (Mo. banc 1980). Plaintiffs do not claim here that any other valid grounds existed in their motion for new trial. We have reviewed the remainder of that motion and do not believe that any error prejudicial to plaintiffs is alleged. We hold that the trial court improperly granted plaintiffs a new trial.

The order granting a new trial is reversed and the cause remanded to the trial court with directions that it set aside the order granting a new trial and reinstate the judgment entered in favor of defendant.

HOGAN and TITUS, JJ., concur.