**Beverly KING, Appellant,**

v.

**DAVIS–NATURAL BRIDGE, INC., Respondent.**

No. 45394.

Missouri Court of Appeals, Eastern District, Division Three.

May 24, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

---

---

Charles E. Foehner, III, Foehner & Vuylsteke, St. Louis, for appellant.

George F. Kosta, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff brought this personal injury suit alleging that defendant, Davis-Natural Bridge, Inc., a Missouri corporation which operates a McDonald's franchise store, negligently allowed water and snow to remain on the floor, negligently failed to warn plaintiff of the existence of the water, and negligently failed to barricade the wet area. Plaintiff further alleged that, as a direct and proximate result of defendant's negligence, she fell and was permanently injured. The medical evidence indicated that, as a result of the accident, she suffered from coccydynia resulting from subluxation of the coccyx, cervical and lumbar strain, and a bulging disc in her neck. The physician testified that there was a 95% chance that plaintiff would have to undergo disc surgery in the future. The jury returned a unanimous verdict in favor of plaintiff in the amount of $58,000.00, and the court entered judgment in accordance with the verdict.

Defendant filed a motion for new trial alleging the following:

> The Court erred in its failure and refusal—upon the proper and timely motion of this defendant—to declare a mistrial . . . immediately following the making by plaintiff's counsel, *on five separate occasions* during the closing argument of this case, of references to "McDonald's" and/or "fast food chains" in such a manner . . . as to convey to the jury the mistaken and wholly-incorrect [sic] notion that said "McDonald's" and/or some other "fast food chain" . . . was, in fact, the defendant herein.

The trial court entered the following order:

> Motion of Defendant for a New Trial granted on the ground the references to "McDonald's" and "food chains" by Plaintiff's attorney during closing argument were prejudicial.

Plaintiff appeals from this order. We reverse.

 An appellate court is more liberal in upholding a trial court's action granting a motion for a new trial than it is in upholding a trial court's action denying a motion for new trial. *Swift v. Bagby,* 559 S.W.2d 635, 638 (Mo.App.1977). However, the trial court's grant of a new trial can be affirmed only if there was trial error prejudicial to the defendant. *Randolph v. USF & G Companies,* 626 S.W.2d 418, 420 (Mo.App.1981). In reviewing the defendant's complaints and the court's action as to the plaintiff's argument, "the challenged comment[s] must be interpreted in light of the entire record, rather than in isolation." *Lewis v. Bucyrus-Erie, Inc.,* 622 S.W.2d 920, 926 (Mo. banc 1981).

We now examine the record. In voir dire examination, plaintiff's attorney made the following statement without objection by defendant:

> The defendant is a corporation. Its name is Davis Natural Bridge Incorporated. I believe they own several restaurants in this area. The one that we are referring to and the one that's involved in this case is a McDonald's restaurant, McDonald's hamburgers, which is located at 4979 Natural Bridge. They own and operate that restaurant, this corporation did. Is there anybody on this panel that has any relative that worked for any of the McDonald's in this area? Okay. By your silence I take it that none of you do.

Repeatedly, during plaintiff's opening statement and during trial, plaintiff's counsel and witnesses referred to the place of plaintiff's injury as McDonald's, and defendant made no objection to those references. During defendant's opening statement and throughout the trial, defense counsel referred to defendant as Davis-Natural Bridge, Inc. During direct examination of defendant's first witness, the following exchange took place:

Q. And are you employed by Davis-Natural Bridge, Inc?

A. Yes, I am. ... Assistant manager ....

Q. Okay. Now, that's a fast food restaurant, a McDonald's licensee or franchisee?

A. Franchisee.

Q. Okay. Who owned that business?

A. Dr. Ben Davis who is deceased.

During plaintiff's closing argument, plaintiff's counsel made six references to McDonald's or fast food chains. Defendant's counsel objected and moved for a mistrial after five of the references. The court sustained the objection and denied the mistrial in each instance. Further, the court repeatedly instructed the jury that the suit was against Davis-Natural Bridge rather than against McDonald's. Plaintiff's attorney acknowledged several times that defendant was Davis-Natural Bridge, Inc. In defendant's closing argument, defense counsel stated:

This is an establishment operated by a Missouri corporation which has been sued named Davis-Natural Bridge, Inc. ... as Mr. Lewis stated without any objection, the store was owned by Dr. Benjamin Davis. No question about that whatsoever.

Finally, the verdict directing instruction specifically required a finding against Davis-Natural Bridge, Inc.

■ We find that, on the record as a whole, there is no doubt or confusion about who the real defendant in this case was. The defense counsel clearly and repeatedly stated who the defendant was. Plaintiff's counsel repeatedly acknowledged who the real defendant was. By oral admonition and written instruction, the court repeatedly informed the jury the defendant was Davis-Natural Bridge, Inc., rather than McDonald's. Therefore, we find that plaintiff's counsel's references, during closing argument, to McDonald's and fast-food chains were not improper and in no way prejudiced defendant. After all, defendant was clearly operating under the name of McDonald's. We are not suggesting that any and all possible references to McDonald's would have been permissible; certain references in certain contexts could be prejudicial. However, the specific statements made by plaintiff's counsel could not have misled or inflamed the jury in light of all the evidence and statements about the nature of defendant's relationship to McDonald's.[1]

■ Defendant contends that if the trial court's granting a new trial was error, it was harmless error because the plaintiff failed to make a submissible case in that she failed to show that she did not know the floor was wet and that defendant did have actual or constructive knowledge of the wet condition of the floor and unreasonably failed to remedy that condition. We disagree and find there was evidence sufficient to permit the jury to reasonably find those elements and all the other elements necessary to its verdict.

Finally, we find defendant's complaint about the instructions to be devoid of merit.

Because we find no trial error that prejudiced defendant, we reverse the order of the court granting the defendant's motion for new trial and remand the case with instructions that the court reinstate the verdict and judgment.

CRANDALL, P.J., and CRIST, J., concur.

---

1. We note that in its motion for new trial, defendant alleged that the verdict was so grossly excessive as to be conclusive of the fact that it was the result of the jury's passion and prejudice against the defendant. By not including this as a ground for its grant of the new trial, the court implicitly overruled this allegation. *Kuzuf v. Gebhardt,* 602 S.W.2d 446, 451 (Mo. banc 1980).