**Barbara J. VARDIMAN,**
**Plaintiff-Appellant,**

v.

**Debra Kaye APPLETON,**
**Defendant-Respondent.**

**No. 48513.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1984.

Edward L. Weiss, St. Louis, for plaintiff-appellant.

Kenneth K. Vuylsteke, St. Louis, for defendant-respondent.

GAERTNER, Judge.

Plaintiff brought this action against defendant seeking damages for personal injuries sustained in an automobile accident involving vehicles driven by the parties. Defendant counterclaimed for her personal injuries. Sharon Appleton intervened seeking to recover from plaintiff for the damage to her vehicle; the verdict and judgment in favor of intervenor against plaintiff has not been appealed. The case between plaintiff and defendant was submitted to the jury on the theory of comparative negligence. The jury found for defendant on plaintiff's claim without assessing a percentage of fault or an amount of damage. The jury also found for the defendant on her counterclaim, assessing the parties relative fault at 90% against plaintiff and 10% against defendant. The jury found defendant's damages to be in the sum of $3,000.00. The trial court entered judgment for the defendant for $3,000.00 without reducing the jury verdict for the defendant's share of the relative fault. Both plaintiff and defendant filed motions for new trial asserting the inconsistency of the verdicts. The trial court sustained both motions, specifying the inconsistency of the verdicts are grounds therefor. Each party filed a notice of appeal from the order granting the other a new trial. Defendant has not perfected her appeal but in her brief and oral argument urges affirmance of the new trial order.

In oral argument before this court plaintiff argues for a reversal of the new trial order and a reinstatement of the full $3,000.00 judgment against her. Plaintiff maintains she has been willing to waive the effect of the jury's assessment of 10% fault against the defendant and is ready to satisfy the full amount of the judgment. Counsel for defendant acknowledges in oral argument that if the full $3,000.00 judgment were permitted to stand, his client would have no claim of aggrievement by the judgment, although she was not happy about the amount.

The only trial court error presented to us is that of ignoring the effect of the jury finding of 10% fault on the part of the defendant. Plaintiff, who is prejudiced by the entry of judgment in the full amount of $3,000.00 is willing to waive this error. Defendant concedes she will sustain no prejudice if the $3,000.00 judgment is permitted to stand. The absence of prejudice to the defendant is fatal to the granting of her motion for a new trial. *King v. Davis-Natural Bridge, Inc.*, 655 S.W.2d 63, 65 (Mo.App.1983).

Therefore, the order sustaining defendant's motion for new trial is reversed. The order sustaining plaintiff's motion for new trial is set aside by consent. Cause remanded with directions to reinstate the judgment for $3,000.00 in favor of defendant and against plaintiff.[1]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. Because of this disposition based upon the judicial admissions of the parties, the motion of the defendant to dismiss plaintiff's appeal is denied.