Clarence **ROUX** and Wilda **Roux**, Respondents,

v.

**CITY OF ST. LOUIS, Appellant.**

No. 49083.

Missouri Court of Appeals, Eastern District, Division Three.

April 23, 1985.

---

Robert H. Dierker, St. Louis, for appellant.

Robert Gerard Kister, Festus, for respondents.

CRANDALL, Judge.

Defendant, City of St. Louis, appeals from the order of the trial court granting plaintiff Clarence Roux's motion for new trial.[1] Plaintiff was a pedestrian when he was struck by defendant's truck. We reverse and remand.

Defendant first argues that the trial court lacked jurisdiction to grant a new trial because the order was made more than ninety days after the filing of plaintiff's motion for new trial. *See* Rule 78.06. We have examined the record and find defendant's contention without merit. An extended opinion on that point would have no precedential value. The point is denied pursuant to Rule 84.16(b).

Defendant next contends that "the trial court erred in granting plaintiff's motion for new trial on the ground that the verdict was inconsistent because the verdict was not prejudicial to plaintiff in that the verdict was rendered in favor of the defendant but awarded plaintiff damages." In order to understand defendant's point, we review the proceedings after the case was submitted to the jury.

During the jury deliberation, the jurors had difficulty in completing the verdict form. They were sent back twice to complete the form. The trial judge at one point suggested a practical way to solve the problem,[2] but the attorneys would not agree to it. Finally, the jury returned the following verdict:

Note: Complete this form by writing in the name required by your verdict.

On the claim of Plaintiff, Clarence Roux against Defendant City of St. Louis, we, the undersigned jurors, find in favor of:

City of St. Louis
(Plaintiff, Clarence Roux) or (Defendant, City of St. Louis)

Note: Complete the following paragraphs only if the above finding is in favor of Plaintiff, Clarence Roux.

We, the undersigned jurors, assess the total damages of Plaintiff, Clarence Roux at $2250.00 (stating the amount).

Note: Complete by writing in the percentage of fault you assess to each of those named below. If you believe any of those named below is not at fault, write in "zero" for that percentage. The total of the percentages you assess must be 100%.

We, the undersigned jurors, assess the percentages of fault as follows:

| | | |
|---|---|---|
| Clarence Roux | 85 | % |
| City of St. Louis | 15 | % |
| Total | 100 | % |

---

1. Wilda Roux, the wife of Clarence Roux, was a plaintiff below to the extent of her claim for loss of consortium. The record does not reflect the disposition of that claim. Since the parties do not raise the issue, we will consider the merits of this appeal.

2. COURT: "Now, if you agree, I can propound special oral interrogatories to the jury such as, 'Is this the percentage of fault that you feel is applicable in this case?' Answer: 'Yes.' All right. 'What does the jury feel is the total damages of the plaintiff?' "

Based upon the verdict, the trial judge entered judgment in favor of plaintiff for $337.50, being 15% of $2250.

*Plaintiff's* after-trial motion alleged, inter alia, that the verdict was inconsistent and therefore plaintiff was entitled to a new trial. The trial judge sustained the motion on that ground alone. In this court the defendant urges that the verdict in favor of plaintiff should be upheld, and the plaintiff urges that it was correctly set aside.

This case illustrates a source of confusion in a "simple" two-party comparative fault case. Despite instructions to the contrary, would the average juror think that a finding that plaintiff is 85% at fault was a finding in favor of plaintiff? Common sense, which trial lawyers frequently argue the jurors should use in arriving at a verdict, indicates that the average juror would think that he or she had found in favor of defendant. A simple remedy would be to eliminate the top portion of the verdict form and have the jury make findings indicating (1) the amount of plaintiff's damages if contributory fault is disregarded, and (2) the percentage of total fault of each party with the proviso that the total of the percentages equal 100%. *See Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983) Appendix A at 38–39. It would also of course be necessary to make some changes in the instructions. At best the finding in favor of a party is surplusage. At worst it so obfuscates the situation that reversible error follows.

■ We now specifically examine defendant's point. Assuming without deciding that the verdict was inconsistent, was plaintiff prejudiced? Appellate courts are more liberal in upholding the sustaining of a motion for new trial than in denying it; however, the error must be prejudicial to the party moving for a new trial. *Randolf v. USF & G Companies,* 626 S.W.2d 418, 420 (Mo.App.1981). Based upon the single articulated ground for granting plaintiff a new trial, we find no prejudice.

■ The plaintiff obtained a judgment in the precise amount that the verdict would

have permitted if the verdict form had been filled out in favor of plaintiff. The prejudicial error, if any, was to the defendant, who despite a verdict rendered in its favor, had a judgment entered against it. We therefore hold that there was no prejudicial error based upon inconsistency of the verdict, and therefore granting plaintiff a new trial on that ground constitutes reversible error.

■ Plaintiff, curiously, does not attempt to counter defendant's argument but instead argues that defendant "has failed to present a sufficient record for this court to determine that the trial court's grant of plaintiff's motion for new trial was a clear abuse of discretion." His argument appears to be that defendant has failed to provide a sufficient record for this court to determine the viability of other grounds raised in his motion for new trial. Plaintiff cites the general rule that "if the action of the trial court can be sustained on any of the other grounds specified in [the] Motion for New Trial we must affirm the ruling of the trial court." *Laclede Investment Corp. v. Kaiser,* 541 S.W.2d 330, 333 (Mo. App.1976).

The trial court granted a new trial on a specific basis. By that order it overruled all other grounds asserted in the motion. *Colley v. Tipton,* 657 S.W.2d 268, 273 (Mo. App.1983). Defendant appealed from that order. As an appellant, defendant assumed the burden of showing that the trial court erred in sustaining the motion upon the ground specified. *Coffer v. Paris,* 550 S.W.2d 915, 917 (Mo.App.1977). Defendant assumed no other burden. *Id.* Since we have held that the trial court erred in granting the new trial on the ground specified, defendant has met its burden.

■ The burden of showing that the motion for new trial should have been sustained on other grounds specified in the motion for new trial is on plaintiff. *Randolf,* 626 S.W.2d at 422. On appeal plaintiff fails to argue the merits of the other grounds raised in his post-trial motion but simply states that the record is inadequate

to properly consider them. He has therefore failed to meet his burden.

The order of the trial court granting plaintiff a new trial is reversed, and the case is remanded with directions to reinstate the judgment in favor of plaintiff.

DOWD, P.J., and CRIST, J., concur.