*Elizabeth C. LONG, Appellant,*

v.

**STILWELL HOMES, INC., a corporation, Respondent.**

No. 23021.

Kansas City Court of Appeals.

Missouri.

March 7, 1960.

Donald E. Raymond, John C. Russell, Kansas City, for appellant.

Achtenberg, Sandler & Balkin, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff appeals from the action of the trial court in setting aside her $6,600 judgment against defendant. Defendant did not see fit to file a brief in this court or make an oral argument. A respondent need not of necessity file a brief. As stated in Fidelity Loan Securities Co. v. Moore, 280 Mo. 315, 217 S.W. 286–288, "The law casts the laboring oar upon appellant, and respondent intrusts his oar (whether laboring or otherwise) to this court." However, it is the policy of all appellate courts to encourage briefs and oral argument by both parties. When a litigant does not do so he loses an opportunity to aid the court in arriving at a proper decision. This is especially so in this case where defendant pursued the same policy in the trial court; that is, foregoing the opporunity to be present with performing counsel.

The petition in this case, filed November 13, 1956, seeks damages resulting from alleged faulty and negligent construction of a dwelling house. Under date of November 23, 1956, defendant corporation filed answer. Therein it (1) moved for dismissal for the reason that plaintiff's petition "does not state a claim upon which any relief may be granted", and (2) denied all allegations in the petition. On January 23, 1959, defendant's attorneys of record filed their written withdrawal as counsel. The case came on regularly for trial on January 26, 1959. The record shows that plaintiff was present in person and by her counsel, but that "defendant was not represented by counsel." The court heard testimony from David H. Long, the husband of plaintiff. No other evidence was heard and on the same day the court, sitting as both judge and jury, entered judgment for plaintiff in the sum of $6,600 and costs.

Twenty-eight uneventful days passed thereafter with no action taken by defendant. Then the transcript contains this recital: "Thereafter and on February 24, 1959, *comes plaintiff by attorney* and defendant appears by attorney and files motion to set aside default judgment, together with an affidavit in support of said motion, as follows:". (Italics added.) The grounds alleged in the motion are (1) that defendant's attorneys ——— withdrew as attorneys of record on January 23, 1959; (2) that said attorneys mailed defendant a notice of withdrawal on January 23, 1959, which was three days prior to the date set for trial of said cause and said notice was

not received by defendant until January 24, 1959; (3) that said notice of withdrawal was not timely in that it did not give defendant a reasonably sufficient length of time to secure other counsel before said judgment was rendered against it; (4) that defendant has several meritorious defenses to said petition; that said cause of action is barred by the Statute of Frauds; that said petition fails to state a cause of action, and that defendant has performed the written contract alleged in plaintiff's petition in all respects. The motion included the affidavit of defendant company's president, declaring the same to be true and correct in all respects.

Defendant allowed its allotted time for filing a motion for new trial to pass. Section 510.340, V.A.M.S. Section 510.310(3) V.A.M.S., provides that in cases tried upon facts without a jury "upon motion of a party made not later than ten days after entry of judgment the court may amend the judgment and opinion." The action of the court in setting aside the judgment could not have been under this authorization since the motion was not filed within 10 days after entry of the final judgment. Section 511.-200, V.A.M.S. (which by reference includes Section 511.170, V.A.M.S.), referred to in appellant's brief, is not applicable to our situation since it is a review procedure for judgments entered against a "defendant who shall not have been summoned * * * or who shall not have appeared to the suit * * *." The defendant in this case was summoned, appeared and filed answer.

As we view the issue presented on this appeal the action of the trial court in setting aside the judgment must either be sustained under the provisions of Section 510.370, V.A.M.S., or it cannot be permitted to stand. We quote this statute: "Not later than thirty days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor." See, also, Supreme Court Rule 3.25, 42 V.A.M.S.

In Bradley v. Bradley, Mo.App., 295 S.W.2d 592, 595, judgment was entered October 1, 1954. On November 22, 1954, defendant filed his motion to set it aside. The court said: "Such an untimely motion amounts to no more than a suggestion to the court that it set aside the judgment of its own motion during the period it retains jurisdiction for that purpose. Howard v. Howard, 239 Mo.App. 728, 197 S.W.2d 100, 101. The court retains such jurisdiction for thirty days after the entry of the judgment. Section 510.370 RSMo 1949, V.A.M.S., Supreme Court Rule 3.25." See, also, Vol. 22, Mo.Law Review 431, and Hoppe v. St. Louis Public Service Co., Mo.Sup., 235 S.W.2d 347, en Banc. Under this statute the trial court has the judgment "locked in its breast" for thirty statutory days and during such period may "of its own initiative" vacate the judgment and order a new trial upon its own motion. Berger v. Podolsky Bros. Inc., 360 Mo. 239, 227 S.W.2d 695. Prior to the present Code the trial court had such power during the entire term at which the judgment was entered. DeMaire v. Thompson, 359 Mo. 457, 222 S.W.2d 93.

■ Since in our case defendant's motion was filed more than 10 days after judgment and is therefore completely ineffectual because of untimeliness, we will treat it as a mere suggestion that the court on its own initiative set aside the judgment and thereby grant a new trial—which the court had full power to do under Section 510.370. But the court cannot do this in an utterly summary manner. There are at least two procedural steps which must be followed. One of these is that the order must specify the grounds therefor. The statute specifically requires such specification. In Quinn v. St. Louis Public Service Co., Mo.Sup., 318 S.W.2d 316, 320, the trial court granted a new trial " 'under ruling of Supreme Court of Missouri in Atterbury v. Temple Stephens Company, et al. [353 Mo. 5], 181 S.W.2d 659' ". The Supreme Court ruled this was a sufficient specification although declaring it would be a better practice for

the court to state the grounds directly. In our case the grounds were declared to be those set forth in defendant's motion. We rule such to be a sufficient specification of the grounds under the statutory requirement.

■■ Appellant contends that it was error "to sustain defendant's motion on the same day it was filed without giving plaintiff an opportunity to present counter-affidavits or to defend against said motion" and cites in support of that point Section 506.060(4), V.A.M.S., which requires five days' notice on motions unless some other time is fixed by the court and Rule 5(3), Rules of the Circuit Court of Jackson County, Missouri, which provides for a three to ten days' notice. The difficulty with appellant's argument and cited authorities is that the same are not applicable to an action by the court "on its own initiative" under Section 510.370, supra, and we have held the court's action here was thereunder. This does not mean that an adverse party—in this case the plaintiff—is not entitled to a reasonable notice of the court's proposed or possible action and this is so even though the statute does not require a notice to be given. Nevertheless, to summarily wipe out plaintiff's judgment and grant a new trial of a certainty affects plaintiff and to do this without giving her an opportunity to appear, to protect, and to preserve her position, would be both unfair and a denial of due process. Such is the holding of our Supreme Court en Banc in Hoppe v. St. Louis Public Service Co., 235 S.W.2d 347 (cited with approval on this point in Quinn v. St. Louis Public Service Co., Mo.Sup., 318 S.W.2d 316, 323). The Hoppe case reviews many cases on this question and contains a logical discussion of the subject. Its study is suggested for those interested in further exploration on the point.

■ However, the transcript shows that on February 24, 1959, when defendant's motion was filed and presented that plaintiff was present by her attorney. The court's order sustaining the motion further declares "said motion was by the court taken up, heard and by the court sustained." It appears, therefore, from this record that plaintiff or her counsel at least was not unaware of the existence of the motion and its probable imminent presentment. In any event, plaintiff's counsel was present when it was filed and when it was heard. No evidence in opposition was offered and no request was made for any additional time to either procure or offer evidence. Moreover, on this question as to the length of time defendant had in which to procure counsel after its attorneys withdrew, the facts are not in dispute. Counsel withdrew January 23rd. Defendant learned of it on January 24th, and the case was tried two days later. We hold, therefore, that the action taken was not summary and that plaintiff did have notice thereof. Under the circumstances and for the further reason that plaintiff did not request any additional time, we are unwilling to rule that plaintiff was without reasonable notice or that the action taken was in violation of due process.

■ The trial court is vested with a wide discretion in granting new trials. This is especially true when it acts on its own initiative and particularly, we think, in a case tried by the court without the aid of a jury. In DeMaire v. Thompson, supra, the court, speaking of that power, said: "That power, it is true, is discretionary only as to questions of fact and matters affecting the determination of issues of fact. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 995(2), 125 A.L.R. 674. But the court's action here belongs in that category. * *. In such circumstances we should be liberal in deferring to the trial court's action, even though we may feel, on the cold record, that as a nisi prius court we might have ruled otherwise—this because of the trial court's better knowledge of the trial atmosphere and incidents, and their effect on a jury." [359 Mo. 457, 222 S.W.2d 97.]

And in Coonis v. City of Springfield, Mo. Sup., 319 S.W.2d 523, 528, the court said: "The trial court has a wide discretion in

granting a new trial 'as to questions of fact and matters affecting the determination of issues of fact' under § 510.330, Id. (citations) and this court has been liberal in deferring to a trial court's action in this respect (DeMaire v. Thompson, 359 Mo. 457, 222 S.W.2d 93, 97)".

 If the trial court in the exercise of such wide discretion and in a case where it sat as trier of the facts, believed that defendant had not been given a reasonable opportunity to procure counsel and that the ends of justice would be better served if it was given that opportunity, we do not feel that we are authorized to interfere with the exercise of such discretion. We are loath, as apparently are all appellate courts, to restrict without real reason, the thirty days' control which a trial court possesses over its judgments. Having reached that conclusion, it is unnecessary for us to determine whether or not the Statute of Frauds is available as a defense in this case. It follows that the action of the trial court in setting aside the judgment and granting defendant a new trial should be approved.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.