STATE of Missouri ex rel. DINERS' FI-
NANCIAL CORPORATION, a Cor-
poration, Relator,

v.

Hon. Joseph O. SWINK, Judge of the Circuit
Court of St. Francois County,
Missouri, Respondent.

No. 33122.

St. Louis Court of Appeals.

Missouri.

Nov. 19, 1968.

Roberts & Roberts, Farmington, for re-
lator.

Smith & Colson, Farmington, for respondent.

BRADY, Commissioner.

Original action for Writ of Mandamus compelling the trial court to reinstate a judgment granted relator by that court.

Diners' Financial Corporation, hereinafter referred to as relator, filed an action in the trial court against Leslie and LaVera Jones, and Donald and Sharon Williams, d/b/a Jones Sporting Goods and Appliance Store, hereinafter referred to as defendants, seeking recovery on a series of negotiable instruments. Defendants filed a Third Party Petition against Life-Aid Corporation, hereinafter referred to as Life-Aid. On September 6, 1967, a hearing was held at which relator and defendants appeared by counsel during the course of which the following occurred: "MR. ROBERTS: Judge, at this time I think it may be stipulated and agreed that the allegations in Plaintiff's Petition are true and judgment may be entered pursuant thereto. MR. COLSON: That's correct. That is, that Diners' Financial Corporation may take judgment against Leslie Jones and LaVera Jones, Donald Williams and Sharon Williams on their petition on the trade acceptance. And at this time we want to introduce some evidence pertaining to and in support of the Petition of Leslie Jones, LaVera Jones, Donald Williams and Sharon Williams against Life-Aid Corporation."

The docket sheet for that day shows the following minutes: "Judgment in accordance with stipulation dictated into the record and as per formal decree this day signed." On that same day judgment was entered on behalf of relator against defendants and on behalf of defendants against Life-Aid. The actual judgment entered need not be recited here, it being sufficient to note it comprises some five pages of transcript; is somewhat involved, incorporating certain findings of fact by the trial court; and was for relator·in the amount of $1,604.96 and for defendants in the amount of $4,837.50 actual damages, $2,000.00 attorney's fee, and punitive damages of $5,000.00. It also incorporated defendants' judgment against Life-Aid.

On October 6, 1967, defendants filed a "Motion to Set Aside Judgment". Therein the judgments entered were recited and it was alleged defendants have been advised since the date of entry of such judgments "and within thirty days thereof"; that Life-Aid was insolvent and had been closed by "order of the Internal Revenue Service in October, 1966"; that federal liens in the approximate amount of $16,500.00 had been filed against Life-Aid; and that defendants have a meritorious defense to relator's claims. The prayer was "that the Court set aside said judgment and grant Defendants an opportunity to present their defense in the Plaintiff's cause of action." There was no verification of this motion, neither was any evidence offered to support the allegations therein. The transcript does not disclose any notice of hearing held on this motion. However, in the Return to our Alternative Writ, defendants stated this motion was sustained after argument of counsel and this was admitted in the relator's reply. On the same day the motion was filed the trial court entered its order reading: "Motion to set aside judgment sustained. Judgment herein set aside and for naught held."

Relator filed a motion calling upon the trial court to reinstate this judgment and upon its being overruled by the trial court filed its application for a Writ of Mandamus with this court. We issued our Alternative Writ; granted time for a return and reply and for suggestions in support thereof. We then set the case for hearing ordering that briefs be filed in accordance with Civil Rule 83.06, V.A.M.R.

In their suggestions filed in opposition to the issuance of our Alternative Writ defendants state: "Arguments of counsel for

Diners' Financial Corporation as well as the Defendants, Leslie O. Jones, et al, on October 6, 1967, resulted in the Court sustaining the motion for new trial." As indicated earlier herein the defendants' motion was entitled "Motion to Set Aside Judgment". There was no other motion filed. The plea of that motion did pray the trial court to grant defendants opportunity to present their defense to relator's cause of action but, as set out earlier herein, the trial court's order refers only to a motion to set aside the judgment.

As defendants' counsel indicated when consenting to judgment against his clients and in favor of relator on its petition, the only evidence offered at the hearing on September 6, 1967, went to support the allegations of defendants' Third Party Petition. There was no oral or written motion for directed verdict filed.

The real thrust of defendants' brief is their contention the trial court's order setting aside the judgment was entered within thirty days after date of judgment while the matter was "within the breast of the Court" and thus was a discretionary matter with which we cannot interfere. In this connection defendants refer to and rely upon Civil Rule 75.01, V.A.M.R. The pertinent parts of that rule allow the trial court to vacate, reopen, correct, amend, or modify its judgment within thirty days of entry " * * * for good cause * * *." It also provides: "Not later than 30 days after entry of judgment the court *of its own initiative* may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor." (Emphasis supplied.) Reference should also be made to § 510.370, RSMo 1959, V.A.M.S., which reads the same. As we view the issue presented by this application for our Writ of Mandamus the action of the trial court in setting aside the judgment must either be sustained under the provisions of this statute and the corresponding civil rule or it cannot be permitted to stand.

■ It is apparent from the record before us that the trial court's action was not of its own initiative. Defendants contend it was and, as a corollary, insist their motion to set aside this judgment was, to quote from their brief, "treated as a suggestion to the trial court that the court on its own motion set aside the judgment and thereby grant a new trial." We cannot agree. The motion filed was to set aside the judgment and by its docket entry and order the trial court illustrated clearly it was acting upon that motion and not on its own initiative. The trial court therein recited: "Motion to set aside judgment sustained." The language used and indeed the whole course of action taken by the trial court makes clear it was acting upon and in direct response to the defendants' motion. In their suggestions defendants admitted this to be the case by stating that arguments of counsel " * * * resulted in the Court's sustaining * * *" this motion. We can disregard neither the trial court's plain and unequivocal language nor defendants' subsequent admission. The trial court clearly acted upon the motion and in response thereto, and not upon its own initiative.

In so ruling we are aware of Long v. Stilwell Homes, Inc., Mo.App., 333 S.W.2d 103, wherein the trial court had sustained the motion as in the instant case (although not with the same degree of clarity). Yet the Kansas City Court of Appeals treated an untimely motion in the manner defendants urge upon this court; i. e., as a suggestion the trial court acted under Civil Rule 75.01, supra, and § 510.370, supra. The opinion in Long, supra, at 1. c. 105, states that although the motion was " * * completely ineffectual because of untimeliness, we will treat it as a mere suggestion that the court on its own initiative set aside the judgment * * *." We are not convinced the filing of an untimely motion; a motion which is without legal status and which can have no effect upon the judgment (State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S.W. 916, 1. c. 921); a motion amounting to a mere suggestion to the trial

**596**

court (Howard v. Howard, 239 Mo.App. 728, 197 S.W.2d 100, and cases cited at l. c. 101), can authorize an appellate court to disregard the clearly expressed contrary action of the trial court. In short, we believe the decision in Long, supra, upon this point to be an extension of the rulings of Ewart v. Peniston, 233 Mo. 695, 136 S.W. 422, and other early cases wherein similar untimely motions were considered as suggestions to the trial court, but there was no indication or ruling they could be allowed to contradict the trial court's plainly expressed ruling upon the motion so as to authorize considering the trial court's action as being upon "its own initiative" as the rule and statute require. Certainly Ewart cannot be read as authority for such a proposition for the reason the trial court's ruling setting aside the judgment stated its action was taken " * * * upon its own motion and in the exercise of the discretion of the court * * *."

■ Be that as it may, we hold that even if we were to consider the trial court acted of its own initiative under Civil Rule 75.01, supra, and § 510.370, supra, the defendants cannot justify the trial court's action. As set out earlier herein Civil Rule 75.01 authorizes the trial court to set aside a judgment within the specified time " * * * for good cause * * *". There was no such showing in defendants' motion which alleged the insolvency and closing of Life-Aid; the filing of certain "federal liens" against that corporation; and that defendants "have a meritorious defense to the claims of Plaintiff which are founded upon the right of a bona fide purchaser for value to sue the maker of a trade acceptance." The motion does not state what the nature of the allegedly meritorious defense is. Certainly it cannot be held the difficulty of collecting a judgment against Life-Aid can constitute a meritorious defense to plaintiff's separate claim against defendants upon which judgment had been awarded. The motion was not verified, neither were any affidavits in support thereof filed nor was there any testimony establishing

the allegation defendants had a meritorious defense. The motion does not prove itself and in view of the lack of any proof of the alleged meritorious defense the motion should have been overruled. Gorzel v. Orlamander, Mo., 352 S.W.2d 675, l. c. [2] 678. The allegation defendants had a meritorious defense to relator's claims was a mere conclusion and insufficient without the accompanying allegation of facts showing what the defense is and its meritorious and sufficient nature. See Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882, l. c. 889, cited with approval in Gorzel v. Orlamander, supra, and see other cases cited in Gorzel v. Orlamander, supra, at l. c. [3] 678.

■ In this same connection it should be noted the Gorzel case involved a default judgment. In the instant case the judgment was entered by consent of counsel. A consent judgment has been held to have the same force and effect as any other judgment reached on its merits. Owen v. City of Branson, Mo.App., 305 S.W.2d 492. It is not necessary herein to dwell upon the distinction between a judgment of the nature entered in the instant case and a default judgment. It is sufficient to state that the rules recited in Gorzel, supra, with respect to default judgments are even more applicable when the judgment is entered upon appearance and consent of counsel.

We hold that the relator's motion to set aside this judgment was insufficient in that it failed to comply with Civil Rule 75.01, supra, requiring a showing of good cause before the trial court can so act. It is also in violation of that part of the same rule and the provisions of § 510.370, supra, allowing a trial court to order a new trial of its own initiative for any reason for which it may have granted a new trial on motion of defendants. This for the reason defendants' motion failed to set forth any grounds upon which the trial court could have granted a new trial due to the failure to allege facts to support its conclusion it had a meritorious defense (Wenzel v. Wenzel, supra), and because there was no

verification nor proof by affidavit or otherwise establishing the conclusion alleged (Gorzel v. Orlamander, supra).

 It has been well settled since early in our reported cases that a Writ of Mandamus should not issue to compel the doing of an act which involves in any substantial degree the exercise of discretion by a judicial officer (State ex rel. Albers v. Horner, 10 Mo.App. 307), but it is equally well settled that the writ will lie where a supposed discretion has been exercised arbitrarily or capriciously. State ex rel. Kugler v. Tillatson, Mo., 312 S.W.2d 753; State ex rel. Gehner v. Thompson, 316 Mo. 1169, 293 S.W. 391. In the event of a clear abuse of discretion by an inferior judicial tribunal, mandamus is the proper remedy to rectify the harm. Baker v. Tener, Mo.App., 112 S.W.2d 351. In short, while mandamus will not ordinarily lie to control the exercise of discretionary power, it will issue to command performance of duties when that discretionary power is exercised with manifest injustice. State ex rel. Reis v. Nangle, Mo.App., 349 S.W.2d 508. The manifest injustice of the trial court's action setting aside the judgment here involved on the thirtieth day following its rendition without any showing of good cause and upon an insufficient motion is apparent. Our Alternative Writ is ordered made absolute. Defendants to pay costs.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. Alternative Writ is ordered made absolute. Defendants to pay costs.

ANDERSON, P. J., RUDDY, J., and ELGIN T. FULLER, Special Judge, concur.