Peter W. TUFFLI, Appellant,

v.

**BOARD OF EDUCATION OF the WENTZVILLE R–4 SCHOOL DISTRICT, Respondent.**

**No. 45363.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 30, 1982.

Steven M. Hamburg, Clayton, for appellant.

Reginald P. Bodeux, St. Charles, for respondent.

CRANDALL, Presiding Judge.

This is the second appeal in a teaching contract termination suit.

Following hearings in March 1979, appellant's teaching contract was terminated by an order dated March 23, 1979. Appellant filed with respondent, the Board of Education of the Wentzville R–4 School District of St. Charles County, a document entitled "Notice of Appeal" which stated:

> PLEASE TAKE NOTICE that Peter W. Tuffli appeals from the decision of the School Board of the Wentzville R–4 School District, dated March 23, 1979, pursuant to V.A.M.S. 168.120 and V.A.M.S. 536.110. Said appeal will be filed within thirty (30) days after the delivery of the notice dated March 23, 1979, to Mr. Tuffli. Said appeal will be filed in the Circuit Court of St. Louis County, Missouri.

The "Notice of Appeal" was not dated nor file stamped by the Board. On April 20, 1979, appellant filed a "petition for review" of the Board's decision with the Circuit Court of St. Louis County. The court dismissed the petition for lack of jurisdiction without prejudice to appellant's right to refile his petition in St. Charles County. That judgment was affirmed in *Tuffli v.*

Board of Education of the Wentzville R–4 School Dist., 603 S.W.2d 77 (Mo.App.1980). Appellant then filed his petition for review in the Circuit Court of St. Charles County. That court correctly dismissed his petition for lack of jurisdiction ruling that

> [p]etitioner in this case did not perfect his appeal since there was no evidence as to when 'Notice of Appeal' was given to the Board of Education and his 'Petition for Review' filed in St. Louis County and St. Charles County, were both more than fifteen (15) days after the decision of the Board of Education.

Appellant filed a motion for new trial pursuant to Rule 78.01. In his motion he sought to reopen the case to introduce evidence that his "Notice of Appeal" filed with respondent was timely. Appellant's motion was denied and this appeal ensues.[1]

Section 168.120, RSMo (1978), provides, *inter alia,* that a teacher aggrieved by a decision of the board of education may seek review by filing a notice of appeal with the board within fifteen days of its decision.[2] Appellant concedes that there was no evidence before the trial court of a timely notice of appeal but argues that the trial court abused its discretion in not reopening the case to permit him to present evidence on that issue.

The trial court is vested with broad discretion in granting a new trial on questions of fact. *McCandless v. Manzella,* 369 S.W.2d 188, 190 (Mo.1963). The exercise of this discretion will not be disturbed unless clear abuse is shown. *Stewart v. Manor Baking Co.,* 397 S.W.2d 722, 726 (Mo. App.1965). This is particularly true in cases tried without a jury. *Long v. Stilwell Homes, Inc.,* 333 S.W.2d 103, 106 (Mo.App.

---

1. The Board's motion to dismiss this appeal is denied. Although appellant's points on appeal as originally drafted were not in compliance with Rule 84.04(d), the issues presented were identifiable. *See Dickey Co., Inc. v. Kanan,* 486 S.W.2d 33, 36 (Mo.App.1972). Furthermore, appellant corrected these deficiencies in his reply brief.

2. Although not clear from a reading of the statute, § 168.120 has been interpreted to also provide for appeal upon the filing, within fif-

teen days of the Board's decision, of a petition for review in the circuit court of the county in which the employing school district is located. See *Jackson v. Bd. of Directors of the Sch. Dist. of Kansas City,* 621 S.W.2d 97, 99 (Mo.App. 1981); *Tuffli v. Bd. of Ed. of the Wentzville R–4 Sch. Dist.,* 603 S.W.2d 77, 78 (Mo.App.1980). We are not concerned with this provision, however, because appellant not only filed this petition for review in the wrong circuit court (*Tuffli I, Id.*) but he also filed it out of time.

1960). In this case, the evidence that appellant sought to introduce was necessary to confer jurisdiction on the trial court to hear his appeal. It was not newly discovered evidence but was evidence that had been within his knowledge since the inception of the litigation.

Furthermore, the motion for new trial and the exhibit attached thereto were neither verified nor self-proving. No affidavit or oral testimony was adduced pursuant to Rule 78.05 [3] to support appellant's contention that the document attached to the motion for new trial was, in fact, a return receipt signed by a member of respondent's staff showing that appellant's notice of appeal was filed within the statutory period. Because appellant's motion for new trial was unverified and not supported by affidavits or testimony, the trial court, acting as an appellate court in this administrative review case, was justified in denying appellant's motion. *See Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421, 437 (Mo.App.1981), *cert. denied*, 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982).

We have reviewed the record and find no clear abuse of discretion by the trial court. The judgment is affirmed.

REINHARD and CRIST, JJ., concur.

---

3. The pertinent portions of Rule 78.05 provide that: "When any after-trial motion, including a motion for new trial, is based on facts not appearing of record affidavits may be filed which affidavits shall be served with the motion .... Depositions and oral testimony may be presented in connection with after-trial motions."