**Joe L. GRANT Respondent,**

v.

**ESTATE OF Stanley Hope McREYNOLDS, Appellant.**

**No. 54913.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 18, 1989.

J. Patrick Wheeler, Canton, for appellant.

Jules V. DeCoster, Monticello, for respondent.

PUDLOWSKI, Chief Judge.

Appeal from a judgment and order setting aside a jury verdict in favor of appellant and ordering a new trial following a trial in the Circuit Court of Lewis County on February 9, 1988.

Letters Testamentary were issued by the Probate Division of the Circuit Court of Lewis County, Missouri on May 24, 1986 appointing J. Patrick Wheeler as personal representative of the estate of Stanley Hope McReynolds. Shortly thereafter, a claim was filed by respondent, Joe L. Grant, stating "that there is due from the above captioned estate the sum of $36,-800.00 on account of services rendered to decedent during his lifetime." Respondent claimed he had provided services to decedent consisting of farm chores, working with cattle, running errands, providing banking activities, shopping, and other services on a daily basis from 1965 until decedent's death in March of 1986. Respondent further claims that the reasonable value of these services was $5.00 per day. Appellant filed numerous motions to have the suit dismissed. These motions were all denied and the suit proceeded to trial. Before the trial, respondent requested, by subpoena duces tecum, that appellant produce a note allegedly written by decedent indicating that he wanted respondent taken care of in his will. Respondent claimed the note had been shown to him by decedent's attorney. Decedent's attorney, J. Patrick Wheeler, denied the existence of any such note and the note was not produced. No further discovery occurred and the trial began. The jury returned a verdict in favor of appellant denying respondent's claim against the estate. Respondent timely filed a motion for a new trial alleging that appellant's attorney had withheld the requested note and that it did in fact exist. After briefs and affidavits were filed and an off the record hearing, the trial court granted respondent's motion for a new trial. This appeal followed.

Appellant argues that the trial court abused its discretion when it granted respondent a new trial because there is no showing on the record that evidence was withheld. In reviewing the trial court's grant of a new trial we are to indulge every reasonable inference to the trial court and may not reverse unless there has been a clear abuse of discretion. *Shine v. Southwestern Bell Telephone Co.*, 737 S.W.2d 203 (Mo.App.1987). Respondent states that at the hearing for new trial appellant's attorney admitted that he had withheld the note when he was requested to produce it. Unfortunately, these statements do not appear in the record because no transcript of the motion hearing was kept. Factual assertions in the brief cannot supplement the transcript. *Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421 (Mo. App.1981). The general rule is that we will not consider matters not contained in the record. *Browning–Ferris Industries of Kansas City, Inc. v. Dance*, 671 S.W.2d 801 (Mo.App.1984). The finding of the trial court is not substantially supported by anything contained in the record. The only evidence indicating that such a note exists is contained in claimant's motion and his accompanying affidavit. The affidavit states that he was shown the note on September 10, 1987 by attorney for the decedent. However, this date is more than four months prior to the request for the note. There is nothing in the record to indicate that the note existed at the time it was requested. We conclude from the record before us that the trial court clearly abused its discretion by granting respondent a new

trial. Having reversed the order of the trial court we need not reach the other issues raised by appellant.

The judgment granting a new trial is reversed and this cause is remanded with instructions to reinstate the jury's verdict.

DOWD and GRIMM, JJ., concur.