**Dianne J. VonSANDE, Petitioner–Appellant,**

v.

**Herman Lawrence VonSANDE, Respondent–Respondent.**

**No. 18276.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 2, 1993.

Motion for Rehearing and Transfer to Supreme Court Denied July 28, 1993.

Gene A. Hilton, Camdenton, for petitioner-appellant.

Richard E. McFadin, Kansas City, for respondent-respondent.

GARRISON, Judge.

Dianne VonSande (Wife) appeals the trial court's granting of Herman VonSande's (Husband) motion for new trial in a dissolution of marriage action. For the reasons stated in this opinion, we reverse the trial court's order and reinstate the judgment.

This case commenced in November, 1988, when Wife filed a petition for legal separation. In response, Husband filed an answer and cross-petition for dissolution of marriage. The parties had been married twenty-one years and had five children, one of whom was then emancipated. By the time this case was tried and a judgment was entered, two others had become emancipated.

Multiple events occurred to delay resolution of this case. Trial was originally requested on August 21, 1989, and it was set January 8, 1990. It was not tried at that time for reasons which are not apparent from the record. On June 12, 1990, the judge disqualified himself and a new judge

was assigned on June 29, 1990. The case was again set for trial on December 14, 1990, but again was not tried for unexplained reasons. Thereafter, it was reset for April 26, 1991, but on that date the court appointed a guardian ad litem for the minor children and the case was continued. Trial of the case finally commenced October 17, 1991. On the second day of trial, Wife's attorney reported that he was ill and the case was continued for resetting. Trial continued on December 2, 1991 and again on December 9, 1991, at which time the case was taken under advisement by the court. On May 5, 1992, the court made its Findings Of Fact and Conclusions Of Law and entered its Judgment by which it dissolved the marriage, awarded custody of the two minor children to Wife, awarded no maintenance or attorney's fees to either party, ordered Husband to pay child support, entered a judgment in favor of Wife in the amount of $55,000, and divided the marital property. Included in the marital property set aside to Husband was a 333–acre farm valued at $90,000 and river property with a net value of $1,500.

On May 20, 1992, Husband filed a motion for new trial. One paragraph of that motion alleged:

> 7. That the Court met with the Respondent [sic] in Camdenton, Missouri prior to rendering it's [sic] verdict herein without any counsel or the other party being present and this knowledge came to Respondent by Petitioner's children, and further by his observance and that this appearance of impropriety has disqualified the Court from making a judgment herein.

On the same day he filed his motion for new trial, Husband conveyed the farm by quit claim to himself and some of his children. Eight days later, he recorded an undated, notarized warranty deed conveying the river property to Herman VonSande and Edith VonSande, husband and wife.

On June 11, 1992, evidence was taken in connection with the motion for new trial. At that time, it was revealed that at some point after the case was taken under advisement Wife had gone to the courthouse in Camdenton, Missouri, with the hope that the judge would see her, recognize her, and be reminded that her case was pending. Her attorney had advised against attempting to communicate with the judge so she said nothing to him when she saw him in the hall. The trial judge stated that he did not remember even seeing Wife in Camdenton after the trial.

The record further indicates that on May 1, 1992, four days before the decree was signed, Wife went to the judge's office in another county, against the advice of her attorney. In response to the court's questions, Wife testified:

> I just told him, if we don't hear anything, I'm going to drive down and let you look at me and see if you realize we're still alive.

When asked what she said to the court, she said:

> I told him I wanted to know if anything was being done, that we did exist, and that the kids were asking questions and I needed to tell them something.

The judge immediately called both attorneys, telling them that Wife was in his office. He then told Wife that he had decided the case, the decree was in the process of being finished, and he showed her a screen on his computer containing the caption of the case and date. She was not shown, nor was there any discussion about, the contents of the decree. Likewise, there is no evidence that Wife said anything that could be interpreted as being an attempt to influence the court's decision or the contents of the decree. When asked what happened after she saw the screen of the computer, Wife said:

> "I left. I told him I'm sorry I came in, but I just wanted him to know that we existed and was wondering if it was getting done."

The trial court, on July 7, 1992, entered its Supplemental Findings Of Fact and Conclusions Of Law by which it found that Wife's contacts with the court were improper, and that while they had no effect on the decree they created the appearance

of impropriety.[1] The court then set aside its May 5, 1992 judgment and disqualified himself.

Wife raises two points on this appeal: (1) the trial court erred in setting aside its judgment on the basis of an appearance of impropriety because there was no substantial evidence to support it, it erroneously declared and applied the law, and it constituted an abuse of discretion because the only contact with the court involved no discussion of the merits and had no effect on the court's decision because the decree had already been prepared; (2) Husband should not be heard in support of the trial court's order setting aside its judgment because he accepted the benefits of that judgment and conveyed marital real estate awarded to him. We believe this case is determined by Point I and we, therefore, do not reach Point II.

■■■ The trial court has broad discretion in awarding a new trial, the exercise of which will not be disturbed unless that discretion was abused, particularly in cases tried without a jury. *Tuffli v. Board of Education of Wentzville R–4*, 643 S.W.2d 296, 297 (Mo.App.1982). *See also Long v. Stilwell Homes, Inc.*, 333 S.W.2d 103, 106 (Mo.App.1960). While appellate courts are more liberal in upholding the sustaining of a motion for new trial than in denying it, nevertheless, error complained of must be prejudicial to the party seeking the new trial. *Roux v. City of St. Louis*, 690 S.W.2d at 450.

■■■ The Motion For New Trial filed by Husband in the instant case was neither verified nor self-proving. *See AlSadi v. AlSadi*, 823 S.W.2d 123 (Mo.App.1992); and *Tuffli v. Board of Education of Wentzville R–4, supra.* The basis for a new trial must appear from the record. *Grant v. Estate of McReynolds*, 779 S.W.2d 246, 247 (Mo.App.1989). Since paragraph 7 of the motion (the paragraph

upon which the motion was sustained) was based on matters outside the record, the burden was on Husband to provide evidence supporting those allegations. *Whitlock v. Whitlock*, 395 S.W.2d 468, 472 (Mo. App.1965).

■■ In its Supplemental Findings of Fact and Conclusions of Law by which it set aside its May 5, 1992 judgment, the trial court found there had been no effect on its decree by any contact from Wife; that the "Court firmly suspects that Respondent himself does believe that there was an effect on the decree"; and the trial court had allowed Wife to "give the appearance that Petitioner Wife had influenced the Court." The only one of these findings supported by the record in this case is that the eventual decree was unaffected by any contacts by Wife.

At the hearing, the only sworn testimony in connection with the motion for new trial was that of Wife which is summarized earlier in this opinion. There was no evidence or record to indicate that Wife attempted, in any way, to influence the court's decision or the contents of the decree. In fact, the only evidence shows that the decree was finished and being typed when Wife went to the trial judge's office on May 1, 1992. The record contains the statements of the trial judge that the decree was finished prior to Wife's arrival at his office and the contact had no influence on the contents of the decree itself. There is nothing in the record to indicate that the decree was changed in any way after Wife's visit. The evidence, therefore, contains no showing of prejudice which inured to Husband. While we do not condone *ex parte* contacts with the court, in this instance they had no effect on the case and appear to have resulted from Wife's frustration with our judicial system and her apparent inability to obtain a timely resolution of this litigation.

---

1. This finding was based on paragraph 7 of Husband's Motion For New Trial by which he alleged the appearance of impropriety. We are cognizant that Husband's motion also contained other allegations. By its order sustaining the motion as to paragraph 7, the trial court overruled all other grounds contained in the motion.

The record on appeal does not include any of the trial testimony by which we could ascertain the possible merit of the other grounds. Husband, therefore, failed to show that the motion for new trial should have been sustained on any other ground. *See Roux v. City of St. Louis*, 690 S.W.2d 448, 450–451 (Mo.App.1985).

The trial court's sole basis for setting aside the judgment was the appearance of impropriety. Husband did not testify or present any evidence in connection with the motion for new trial. There is no record that he reasonably believed any improprieties had occurred which had any effect on the trial court's judgment. Husband's argument seems to be that an appearance of impropriety occurs any time there is an opportunity for the trial court to be influenced, without regard to whether or not it in fact occurs.

The mere opportunity to receive information outside the courtroom which has the potential to affect considerations in a case is no basis to require a judge to disqualify himself. *Berry v. Berry*, 654 S.W.2d 155, 159 (Mo.App.1983). If the record discloses an opportunity to obtain information that would disqualify the judge, it may also disclose facts that negate any reasonable question concerning the trial judge's impartiality. *J & H Gibbar Const. Co., Inc. v. Adams*, 750 S.W.2d 580, 583 (Mo.App.1988). In *Gibbar*, there had been some *ex parte* communications between one of the attorneys and the court in connection with scheduling, but not in connection with the merits of the case. The court said:

> ... [D]efense counsel's sworn testimony and Judge Seier's assurances that the communications related only to procedural matters without any discussion concerning the merits of the cause, especially in light of no suggestion to the contrary, serve to dispel any further question of impropriety.

*J & H Gibbar Const. Co., Inc. v. Adams*, 750 S.W.2d at 584. The court concluded that, on that record, there was no appearance of impropriety requiring the judge to disqualify himself and vacate orders which he had entered. That result is applicable here.

The trial court's granting of a motion for new trial can be an abuse of discretion where the finding is not substantially supported by the record. *Grant v. Estate of McReynolds*, 779 S.W.2d at 247. We

believe that occurred here. In the instant case, the record does not reflect any possibility that the trial court's judgment was affected in any way by any contacts by Wife or that there was an appearance of impropriety such as would require the court to set aside its prior judgment and disqualify himself. Accordingly, we believe that the interests of the parties to this litigation require, under these circumstances, that it be brought to a conclusion. We do, therefore, pursuant to Rule 84.14,[2] hereby set aside the trial court's Supplemental Findings of Fact and Conclusions of Law of July 7, 1992, and reinstate its Findings Of Fact and Conclusions Of Law and Judgment originally entered and dated May 5, 1992. In doing so, we note that this opinion is based solely on the facts and circumstances of this individual case.

FLANIGAN and PREWITT, JJ., concur.

### MOTION FOR REHEARING AND APPLICATION FOR TRANSFER TO SUPREME COURT

Husband has filed a Motion For Rehearing in which he alleges several reasons why we should reconsider our opinion or transfer the case to the Supreme Court. We feel compelled to respond to one of the allegations of that motion.

In footnote 1 we noted that Husband had failed to show that his Motion For New Trial should have been sustained on any basis other than that specified by the trial court because a trial transcript was not included in the legal file. He correctly points out that he filed a motion to permit the preparation and filing of a transcript of the entire trial. He now argues that he attempted to file the entire record to accommodate consideration of the other allegations of his Motion For New Trial.

The trial court entered the Supplemental Findings Of Fact and Conclusions Of Law from which this appeal flows on July 7, 1992; a Notice of Appeal was filed by Wife on July 16, 1992, appealing only from the trial court's order sustaining paragraph 7

---

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.

of Husband's Motion For New Trial; Wife's attorney ordered the transcript of only the hearing on the Motion For New Trial on July 29, 1992, sending a copy of the request to Husband's attorney; the transcript of the hearing on the Motion For New Trial was served on Husband's attorney on October 16, 1992; on November 24, 1992, the executed Approval Of Transcript by Husband's attorney was filed; and on January 27, 1993, Wife's Brief was filed in this court in which it was pointed out that the trial court sustained the Motion For New Trial on the basis of only paragraph 7 (appearance of improprieties) and Husband had not appealed denial of the other grounds. On February 26, 1993, Husband's attorney filed an Application For Extension Of Time To File Respondent's Brief in which there was no mention of any need for an additional transcript as a part of the legal file, and which recited that a rough draft of Husband's brief was then being completed. This court sustained Husband's application and extended the time for Husband to file his brief until March 26, 1993. On March 24, 1993, Husband filed a Motion For Extension Of Time To File Brief where, for the first time, he mentions the need for a transcript of the entire trial. In that motion, however, there was no indication that the entire transcript had been ordered, how long it would take to prepare, or the amount of time being requested. That motion was denied, but this court, on its own, granted Husband an additional thirty days to file his brief. When Husband filed his brief, no points or arguments were made that any of the other allegations of the Motion For New Trial should have been sustained. Rather, Husband's argument was that the trial court correctly sustained his Motion For New Trial, partly because the other errors allegedly committed by the trial court in its decree were evidence of prejudice flowing from the contacts between Wife and the court.

■ If Husband was dissatisfied with the record on appeal, he could have filed additional parts of the record deemed necessary within the time allowed for filing his brief. Rule 81.12(c). By approving the transcript on appeal, the parties represent that it includes all of the record necessary in the cause. *State v. Covington,* 557 S.W.2d 59 (Mo.App.1977). Where an insufficient transcript is filed, evidentiary omissions are to be taken in favor of the trial court's action and unfavorable to the complaining party. *Flora v. Flora,* 834 S.W.2d 822, 823 (Mo.App.1992).

■ Rule 81.19 gives this court discretion to enlarge the time for filing the record on appeal. In the instant case, Husband's attorney did not seek leave for additional time until after the events described above. Under these circumstances, Husband's Motion For Extension Of Time to permit preparation of the entire transcript was denied as an exercise of this court's discretion. When Husband first sought leave to obtain the transcript of the entire trial, it was over eight months after the court's Supplemental Findings Of Fact And Conclusions of Law was entered and over four years after the action was originally filed in the circuit court.

Husband's Motion For Rehearing And Application To Transfer To Supreme Court of Missouri is denied.

FLANIGAN and PREWITT, JJ., concur.