Kaleese DOWNING, f/k/a Kaleese D. Howe, Appellant,

v.

Danny G. HOWE, Respondent.

No. 24098.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 14, 2001.

Motion for Rehearing or Transfer Denied
Oct. 3, 2001.

Erik A. Bergmanis & Troy L. Dietrich, Camdenton, for appellant.

Ted Von Willer, Jr., Springfield, for respondent.

BARNEY, Chief Judge.

Kaleese Downing ("Appellant") appeals from a ruling of the Circuit Court of Laclede County, Missouri, sustaining a motion to set aside judgment filed by Danny Howe ("Respondent"). Appellant raises two points of error, discussed below.

Appellant and Respondent had previously been married. The marriage was dissolved on September 27, 1996. Joint legal custody was awarded to both parties but primary physical custody of their only

child, a daughter, was granted to Appellant. In March of 2000, Appellant filed a "Motion to Modify Judgment and Decree of Dissolution of Marriage," in the Circuit Court of Laclede County. On October 31, 2000, the trial court entered a "Judgment and Decree Modifying Judgment Decree of Dissolution of Marriage" between Appellant and Respondent. Respondent filed a "Motion To Set Aside Judgment" on November 28, 2000. The trial court took up Respondent's motion on January 16, 2001. On January 23, 2001, the trial court entered an order setting aside the judgment it had previously entered. On January 23, 2001, Appellant filed a timely appeal from the trial court's order. The order entered by the trial court is appealable. § 512.020, RSMo 2000; *Swanson v. D & R Enterprises*, 899 S.W.2d 134, 135 (Mo.App.1995); *C.M. v. K.M.*, 878 S.W.2d 55, 56 (Mo.App. 1994).

In her first point, Appellant argues that the trial court erred as a matter of law in setting aside its judgment on January 23, 2001, because it was without jurisdiction to do so in that Rule 75.01 allows a court to retain jurisdiction over for only thirty days following the entry of judgment and the trial court's order was not timely.[1] In her second point, Appellant argues the trial court erred as a matter of law in setting aside its judgment because it was without jurisdiction to do so per Rule 81.05.[2] In reviewing the record, we determine that Respondent's motion to set aside judgment was correctly treated as a motion for new trial by the trial court. However, while Appellant's points are not well taken, we find that the trial court erred and abused its discretion in granting Respondent's motion to set aside judgment and in ordering

a new trial because the trial court's order granting a new trial was not supported by the record. *See VonSande v. VonSande*, 858 S.W.2d 233, 237 (Mo.App.1993).

■■■ "Under Rule 75.01, the trial court retains jurisdiction for 30 days after the entry of judgment to amend, modify, vacate, reopen, or correct its judgment." *Dept. of Labor & Indus. Rel. v. Ron Woods Mech., Inc.,* 926 S.W.2d 537, 540 (Mo.App.1996). A motion to set aside judgment may be filed under Rule 75.01, although it "does not substitute for a timely motion for new trial filed under Rule 78.04." *Brown v. Beeney*, 756 S.W.2d 940, 941 (Mo.App.1988). If an "authorized after-trial motion" is timely filed, the period in which the trial court retains jurisdiction over the judgment is extended to 90 days. *Woods*, 926 S.W.2d at 540; *see* Rule 81.05.

■■ Respondent argues that although his motion was couched as a motion to set aside judgment, his motion should have been and was properly treated as a motion for new trial. " 'A motion for new trial is a motion directed toward errors of fact or law in the trial.' " *American Family Mut. Ins. Co. v. Lasker*, 12 S.W.3d 715, 717 (Mo.App.1999) (quoting *Woods*, 926 S.W.2d at 540).

In his motion to set aside judgment, unsupported by affidavit, Respondent sets out two, distinct sets of allegations. First, he generally complains of his trial attorney's actions arising from a purported agreement entered between himself and his ex-wife relating to a parenting plan involving his daughter. He contends that his attorney never gave him a copy of the document prior to his signing it nor explained the document to him. He asserts

---

1. All rule references are to Missouri Court Rules (2001).

2. Rule 85.01(a)(1) states, "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."

he never agreed to the terms contained in the document despite his signature and claims that his trial attorney misrepresented the contents of the document. Secondly, he sets out that in the modification litigation "pleadings before the Court raise[d] issues concerning the possible abuse or neglect of the minor child and no guardian ad litem has been appointed by the Court as mandated by [§ 452.423 RSMo 2000], therefore any judgment entered by the Court, on the pleadings before the Court, at this time is a nullity and of no affect."

■ Respondent's motion, "despite its odd style, places before the trial court allegations of error. It is, therefore, appropriate to treat it as a motion for new trial filed pursuant to Rule 81.05." *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 393 (Mo. banc 1993); *accord Lasker*, 12 S.W.3d at 717. "The trial court has broad discretion in awarding a new trial, the exercise of which will not be disturbed unless that discretion was abused, particularly in cases tried without a jury." *Von-Sande*, 858 S.W.2d at 236; *see Tuffli v. Board of Education*, 643 S.W.2d 296, 297 (Mo.App.1982). "The trial court's granting of a motion for a new trial can be an abuse of discretion where the finding is not substantially supported by the record." *Von-Sande*, 858 S.W.2d at 237.

■ Here, the motion filed by Respondent was not supported by affidavit. It was neither verified nor self-proving. Accordingly, the basis for a new trial must have appeared from the record. *Id.* at 236; *see also Clark v. Clark*, 926 S.W.2d 123, 127 (Mo.App.1996). The only record we have before us are docket entries made

by the trial court and the bare allegations contained in Respondent's motion to set aside judgment.

■ Respondent's first set of allegations directed toward his trial attorney's actions do not constitute a basis for the granting of a new trial. This is because, generally, "actions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client." *Cotleur v. Danziger*, 870 S.W.2d 234, 238 (Mo. banc 1994); *see Estep v. Atkinson*, 886 S.W.2d 668, 675 (Mo.App.1994). Furthermore, Respondent did not make allegations of abandonment by his attorney. In either event, "[n]egligence is not equivalent to abandonment. Circumstances in which an attorney engages in representation of a client but fails properly to handle the matter is not abandonment." *Cotleur*, 870 S.W.2d at 238. Here, the docket entry of October 31, 2000 reflects that the "Court inquires from [attorney] Bergmanis & [attorney] Smith whether parenting plan filed was the agreement of the parties on 8–25–00. Both [attorneys] advise that it was. [Judgment] is entered. Clerk to advise parties." Based on the record before us we are unable to attribute any error to the trial court based on its actions taken after receiving both attorneys' assurances that the parenting plan represented the agreement of the parties.

■ Secondly, Respondent complains of trial court error on the basis of its failure to appoint a guardian ad litem during the modification proceedings. He maintains the trial court violated the mandate of § 452.423, RSMo 2000.[3] In our review of Respondent's pleadings in the modification action, we note he does not

---

**3.** Section 452.423.1 provides, in pertinent part:
  The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

*See Chapin v. Chapin*, 985 S.W.2d 897, 901 n. 1 (Mo.App.1999) for discussion of the definition of the terms "abuse" and "neglect."

set out any specific allegations of neglect or abuse of the parties' minor child by *either* party. While we observe that in her motion to modify Appellant makes a general reference that Respondent "is an alcoholic that appears to be unable to refrain from significant consumption of alcohol on a daily basis," and that "it is very obvious that he has been drinking and is intoxicated" when he returned the child from his weekend and Wednesday visitation, "these statements cannot be considered direct allegations of neglect and abuse by Respondent."

It is not realistic to assert that a trial court must regard every item bearing on the fitness of a parent as constituting abuse or neglect." *Gilman v. Gilman*, 851 S.W.2d 15, 18 (Mo.App.1993). This Court has previously held that the appointment of a guardian ad litem for minor children in proceedings to modify a dissolution decree was not mandatory where there were no allegations that directly alleged physical abuse or neglect of children. *Ledbetter v. Sampson*, 924 S.W.2d 617, 617–18 (Mo. App.1996); *see also Rombach v. Rombach*, 867 S.W.2d 500, 503 (Mo. banc 1993) ("mandatory appointment of a guardian ad litem pursuant to § 452.423.1 is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial."); *Chapman v. Chapman*, 871 S.W.2d 123, 125 (Mo.App.1994); *King v. King*, 793 S.W.2d 200, 203 (Mo.App.1990) ("The record ... does not contain any allegation of abuse or neglect, with the exception of the discussion in the briefs.... Rather the argument appears as an afterthought...."). Accordingly, while we determine that Respondent's motion to set

aside was properly considered as an after trial motion, *see discussion supra*, the trial court erred and abused its discretion in sustaining Respondent's motion to set aside judgment and in ordering a new trial because compelling reasons for the setting aside of the judgment and ordering of a new trial was not supported by the record. *See VonSande*, 858 S.W.2d at 237.

Lastly, we observe that in the last paragraph of the argument section of his brief Respondent argues that his motion, "when read in its entirety, arguably, would be a motion falling under Rule 74.06(b)," in that the judgment entered "was void because it was based upon an unenforceable agreement of the parties." *See* Rule 74.06(b).[4] However, Respondent does not offer any further arguments in support of this contention other than to set out that a motion under Rule 74.06(b) can be designated as an authorized after-trial motion. "A Rule 74.06(b) motion to declare a judgment void is only appropriate when the court which rendered that judgment lacked jurisdiction over the subject matter or the parties, or acted in a manner inconsistent with due process of law." *Platt v. Platt*, 815 S.W.2d 82, 83 (Mo.App. 1991). " 'In the sound interest of finality, the concept of void judgment must be narrowly restricted.' " *Id.* at 84. Respondent has not alleged that the trial court lacked jurisdiction over the subject matter of the litigation. Additionally, as discussed, *supra*, we cannot say that the trial court acted in a manner inconsistent with Respondent's right of due process. Furthermore, as we noted earlier, Respondent did not specify Rule 74.06(b), or any other Rule for that matter, in his motion to set aside judgment. The Supreme Court of

---

4. Rule 74.06(b) reads, in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons:

   . . .
   (4) the judgement is void....

Missouri has held that there is a higher standard invoked to set aside a judgment on the basis of Rule 74.06 than on the basis of either Rule 75.01 or 74.05. *Estep,* 886 S.W.2d at 672; *see Cotleur,* 870 S.W.2d at 236. Failure to specifically rely on a rule is sufficient to deny Respondent any benefits of that rule. *See Koppenaal v. Director of Revenue,* 987 S.W.2d 446, 451 (Mo.App.1999) (holding that failure of the Director to rely on Rule 73.01(a)(5) in his motion was "sufficient, in itself, to deny him the benefits of that rule.").

All pending motions are denied. The trial court's ruling is reversed and remanded and the trial court is ordered to reinstate its Judgment and Decree Modifying Judgment Decree of Dissolution of Marriage, filed October 31, 2000.

SHRUM, P.J., and MONTGOMERY, J., concur.