**B.R.M., L.S.M., S.M.R.K. and
T.M.J.M., Minors.**

**M.M., Appellant,**

**v.**

**State of Missouri, Greene County
Juvenile Office, Respondent.**

**Nos. 25124, 25125, 25127 and 25129.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 13, 2003.

Motion for Rehearing and Transfer to
Supreme Court Denied June 4, 2003.

Application for Transfer Denied
Aug. 26, 2003.

Larry B. Moore, Springfield, for appellant.

Bill Prince, Springfield, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

M.M. ("Mother"), the natural mother of B.R.M., L.S.M., S.M.R.K., and T.M.J.M., appeals from the termination of her parental rights. Mother contends the trial judge erred in failing to disqualify himself from hearing the cases after the trial court received a letter from a state senator concerning the cases. We affirm the trial court's judgments terminating Mother's parental rights to the children.

The cases involving Mother's children were called for hearing on April 30, 2002. As an initial matter, the trial judge announced that the court secretary had informed him the court had received a letter in the mail from a state senator regarding the cases. The judge indicated he did not read the letter and left it in the envelope in which it was sent. The judge instructed the court secretary to make a docket entry of the letter, copy it for the attorneys, seal the letter in the envelope, and put it in the court file. A copy of the letter was then provided to each of the parties present at the hearing. The judge stated that he wanted to make a record of his actions concerning the letter so that all of the parties would know that he had not read the letter. The judge informed the parties: "I don't know what it says, what it advocates or doesn't advocate."

Following the court's announcement, Mother's counsel made an oral motion for recusal of the judge based upon what

Mother considered to be an ex parte communication between the senator and the court, and alleged that an appearance of impropriety had resulted from the court's receipt of the letter. Mother's counsel argued the letter was an attempt to influence the judge on behalf of the "foster/pre-adoptive parent," to which the judge replied he would not have known the letter was written on behalf of the foster parent if Mother's counsel had not so informed him.

The trial court overruled Mother's motion, stating that the court made a record of the letter in order to "avoid both impropriety and the appearance of impropriety." The court further noted that an ex parte communication requires that information actually be communicated, which did not occur in the case at hand. The trial court then consolidated the children's cases for hearing without objection, held the hearing, and found that termination was in the best interests of each child and terminated Mother's parental rights to the children. This appeal follows.

Rule 126.01(a)[1] provides that in juvenile court, a change of judicial officer of the court shall be ordered when the judge is interested, related, to a party, or otherwise disqualified under Rule 51.07; or when a party files a timely application for a change of judge. The parties do not dispute that the application for change of judge was not timely, rather Mother contends the judge should have recused himself solely for the purpose of avoiding the appearance of impropriety. Mother does not allege that the trial judge was actually prejudiced.

▆▆ It is presumed that a judge will not hear a matter if he cannot be impartial and appellate courts defer to the trial judge's decision on such a question unless

there is an abuse of discretion. *State ex rel. Bates v. Rea*, 922 S.W.2d 430, 431 (Mo.App. S.D.1996). "That presumption is overcome, and disqualification of a judge is required, however, if a reasonable person, giving due regard to that presumption, would find an appearance of impropriety and doubt the impartiality of the Court." *State v. Kinder*, 942 S.W.2d 313, 321 (Mo. banc 1996). A trial judge has an affirmative duty not to disqualify himself from hearing a case unnecessarily. *Helton Const. Co., Inc. v. Thrift*, 865 S.W.2d 419, 422 (Mo.App. S.D.1993).

▆▆ The test is not whether actual bias and prejudice exist, but whether a reasonable person would have factual grounds to doubt the impartiality of the court. *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 698 (Mo.App. E.D.1990). A reasonable person is not one who is ignorant of what has gone on in the courtroom before the judge, rather, the reasonable person knows all that has been said and done in the presence of the judge. *Smulls v. State*, 10 S.W.3d 497, 499 (Mo. banc 2000). "The mere opportunity to receive information outside the courtroom which has the potential to affect considerations in a case is no basis to require a judge to disqualify himself." *VonSande v. VonSande*, 858 S.W.2d 233, 237 (Mo.App. S.D. 1993).

As evidence that the letter created the appearance of impropriety, Mother cites to the facts the letter was sent on Senate letterhead which indicated the senator's involvement with the appropriations committee and the Children's Services Commission; the opening and closing of the letter used only first names, which would indicate a familiar personal relationship between the senator and the judge; and the senator referred to the constituent as

1. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

the "foster/pre-adoptive parent" when the constituent could only be a "pre-adoptive parent" if the court terminated Mother's parental rights. While these facts might indicate an opportunity for the judge to obtain information that would disqualify him, the record also discloses facts that negate any reasonable question concerning the judge's impartiality.

 We find that simply receiving a letter from a state official does not mandate a recusal in a case, particularly when a record of the letter is made, the parties are furnished copies of the letter, and the judge brought it to the parties' attention while indicating he had not read the letter. It was just as likely that the letter was advocating for Mother, a child, or a witness as it was for a foster parent. It was Mother's counsel who informed the court of the contents of the letter.

We further note that a juvenile court judge is not required to recuse himself from hearing a case after receiving a letter concerning the case when the letter does not convey any information that is not conveyed by independent evidence at trial. *In Interest of W.S.M.*, 845 S.W.2d 147, 153 (Mo.App. W.D.1993). The letter from the senator did not convey any information that was not conveyed by independent evidence at trial, nor does Mother contend any specific evidence was revealed in the letter. "The mere fact that rulings are made against a party does not show bias or prejudice on the part of the judge." *Bruflat v. Mister Guy, Inc.*, 933 S.W.2d 829, 836 (Mo.App. W.D.1996). To require the disqualification of a judge, the bias and prejudice must be an extrajudicial source that results in the judge forming an opinion on the merits based on something other than what the judge has learned from participation in the case. *State v. Nicklasson*, 967 S.W.2d 596, 605 (Mo. banc 1998).

Such bias and prejudice is not evident in this case.

The record does not reflect any possibility that the trial court's judgments were affected in any way by the letter or that there was an appearance of impropriety such as would require the judge to set aside his prior judgments and disqualify himself. Mother does not appeal the sufficiency of the evidence. The judgments terminating Mother's parental rights to the children are affirmed.

PARRISH and SHRUM, JJ., concur.