**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Respondent,**

v.

**Robert LASKER, Jerry Lasker, Dennis Clubb, Bonnie Clubb, and Charles Clubb, Appellants.**

**Nos. WD 56091, WD 56092.**

Missouri Court of Appeals,
Western District.

Aug. 17, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1999.

Application for Transfer Sustained
Nov. 23, 1999.

Case Retransferred March 21, 2000.

Court of Appeals Opinion Readopted
March 28, 2000.

Philip Cardarella, Kansas City, for Laskers.

John Pat Burnett, Independence, for Clubbs.

M. Courtney Koger, Kansas City, for respondent.

SPINDEN, Judge.

At issue in this case is insurance coverage for injuries to Robert Lasker's eye which was destroyed by a pellet fired from a paintball gun by Charles Clubb. The insurer of Clubb and his parents, American Family Mutual Insurance Company, filed this declaratory judgment action in which it contends that Lasker's injury resulted from intentional conduct and was, therefore, not covered by the Clubbs' automobile or homeowner's policies. The circuit court agreed and entered judgment for American Family Mutual. We dismiss the appeal for lack of jurisdiction to consider it.

The dispute arises from Clubb's shooting a paint pellet at Lasker on October 13, 1994. Clubb, who was 16 years of age, shot 14–year–old Lasker as part of what Clubb called a prank. Clubb was shooting the paint gun at pedestrians as he rode around his Independence neighborhood in a vehicle driven by a friend. When Clubb shot at Lasker, the youth was standing with one or two other boys about 40 feet from Clubb with his back towards Clubb. When Clubb fired, Lasker turned, apparently in response to the pellet gun's noise, and the pellet hit his right eye before he had time to blink. The pellet exploded and destroyed the eye's tissue. Physicians were unable to mend the eye.

On April 11, 1996, Lasker sued Clubb, Clubb's parents, and Kelly Howerton, who was driving the vehicle from which Clubb fired the gun. The suit charged the defendants with strict liability, negligence and battery.

While that lawsuit was pending, American Family Mutual filed this declaratory judgment action on May 30, 1997.[1] The circuit court commissioned a jury and asked it to decide whether Lasker's actions precluded insurance coverage. The circuit court put the question to the jury in two, separate instructions. One asked whether Lasker's injury resulted from "an accident," and the other asked whether Clubb expected or intended to cause "some injury when he aimed the paintball gun and pulled the trigger." The jury decided that Lasker's injury resulted from an accident, but it also decided that Clubb expected or intended to cause some injury to Lasker.

The circuit court overruled the Laskers' and the Clubbs' objections that the jury's verdicts were inconsistent. The circuit court issued its judgment for American Family Mutual on May 20, 1998. Six days later, the Laskers and the Clubbs filed a motion asking the circuit court to withdraw its judgment and to declare a mistrial on the ground that the jury's verdicts were inconsistent. While that motion was pending, they filed on June 18, 1998, a motion for new trial or for a judgment notwithstanding the verdict. The circuit court overruled their motion for mistrial on June 19, 1998, and overruled their motion for new trial on July 6, 1998. The Laskers and the Clubbs filed notice of appeal on July 13, 1998.

We first consider whether we have jurisdiction to consider the Laskers' and the Clubbs' appeal. We do not. Rule 81.04(a) prohibits any appeal in which the notice of appeal was filed later than 10 days after the judgment being appealed became final. Rule 81.05(a) sets the time at which a judgment becomes final: "at the expiration of thirty days after the entry of [the] judgment[.]" The circuit court entered its

---

1. Apparently, no one made an issue of whether, because the action between Lasker and the Clubbs was ongoing, American Family Mutual's petition presented a controversy ripe for determination. *See Glick v. Allstate Insur. Co.*, 435 S.W.2d 17, 21–22 (Mo.App.1968).

judgment on May 20, but Rule 81.05(a) makes an exception for cases in which a party files a motion for new trial. In those cases, the judgment becomes final "at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment."

The Laskers and the Clubbs filed two motions in this case: one, filed on June 18, that they denominated a motion for new trial, and another, filed on May 26, that they denominated a motion to withdraw judgment. The titles that they gave to their motions are inconsequential—they both were motions for new trial. "A motion for new trial is a motion directed toward errors of fact or law in the trial." *State of Missouri, Department of Labor and Industrial Relations v. Ron Woods Mechanical, Inc.*, 926 S.W.2d 537, 540 (Mo. App.1996). Hence, because the Laskers and the Clubbs sought to have the judgment set aside on the ground of trial error and that this would result in a new trial, their motion was a motion for new trial notwithstanding their calling it a motion to withdraw judgment.

This means that when the circuit court denied the motion on June 19, the judgment became final. The motion that the Laskers and the Clubbs denominated a motion for new trial was still pending on June 19, having been filed the previous day, but it was not authorized. Nothing authorizes the filing of a second motion for new trial.[2] Nonetheless, even if it were authorized, Rule 81.05(a) provides:

> Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not ruled on at the time the motion for a new trial is determined shall be deemed overruled as of the same date.

**2.** *See* Taylor v. United Parcel Serv., Inc., 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993), for a

This means that we must deem the Laskers' and the Clubbs' second motion to have been overruled on June 19, not on July 6 when the circuit court entered its order denying it. Hence, the judgment in this case became final on June 19.

Pursuant to Rule 81.04(a), the Laskers and the Clubbs had until June 29 to file their notice of appeal. Because June 29 was a Sunday, their notice was due on Monday, June 30. They did not file their notice of appeal until July 13. This was too late, depriving us of jurisdiction to consider their appeal.

EDWIN H. SMITH, Presiding Judge, and FOREST W. HANNA, Judge, concur.

description of what constitutes an authorized after-trial motion.